**Robert C. TOLLISON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17827.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1973.

Rehearing Denied Oct. 10, 1973.

Charles Dunn, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

## OPINION

BAILEY, Judge, Specially Assigned:

Appellant, Robert C. Tollison, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Wagoner County, Oklahoma, Case No. CRF-71-44, for the offense of Lewd Molestation, Title 21 O.S.1971, paragraph 1123. His punishment was fixed at seven (7) years imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Raylene Little, a seven year old female child at the time of the incident, testified that she knew when something was right and when something was wrong and that she would tell the truth. She stated that she had gone to defendant's bus (the place in which he lived) and that he had asked her to go into the bus, at which time he gave her a 7-Up. Raylene further testified that the second time she went down to the bus he sprayed her with tick spray and kissed her and played with her "tail". She testified that the defendant placed his hand under her dress and touched her pants.

Dr. H. L. Shipman next testified that he was an osteopathic physician and on August 22, 1971, he examined Raylene Little's pelvic area and observed that her vaginal area was reddened, swollen and inflammed but that there were no bruises. He further testified that in his opinion these were not caused from natural causes.

Al R. Little, father of Raylene Little, testified that he had gone looking for the girl and found her on the defendant's property. He stated that he and his daughter returned to their house and that he observed the defendant driving away about ten minutes later.

Jane Little, mother of Raylene Little, testified that the child told her Robert had kissed her and played with her; and that she later went to the Wagoner County Hospital where Dr. Shipman examined her daughter.

Bill Baker, Deputy Sheriff of Wagoner County, testified that he arrested the defendant for lewd molestation and advised him of his constitutional rights.

The defendant did not take the stand nor offer any evidence in his behalf.

The defendant first contends that the verdict is not sustained by sufficient evidence and is contrary to law.

The defendant alleges that there was absolutely no evidence that the defendant was "eager for sexual indulgence" which is a basic requirement of a charge of this nature. We do not agree.

■ Title 21 O.S.1971, paragraph 1123, in part defines as criminal the act of any adult person who shall intentionally and designedly, look upon, touch, maul or feel the private parts of any child under the age of fourteen in a lewd or lascivious manner. We believe the act of kissing the little girl and playing with or touching the little girl's pelvic area is sufficient to violate the above cited statute and is sufficient evidence to submit this question to the jury. See Mooney v. State, Okl.Cr., 273 P.2d 768 (1954).

Also in the case of Miller v. State, Okl. Cr., 418 P.2d 220 (1966) this Court held in Syllabus 4:

"It is not for this Court to substitute its judgment on question of fact, or of the weight of the evidence for that of the jury, where there is competent evidence from which the jury may reasonably and logically find that guilt of the defendant even though the evidence may be conflicting, or such that different inferences might reasonably be drawn thereupon."

We find no merit in defendant's contention that there was no evidence tending to prove the offense as charged.

The defendant next contends that the trial court erred in giving the following definition of sexual indulgence in Instruction number three:

"The expression 'sexual indulgence' may be defined as indulging in an act, fact or practice pertaining to or associated with sex, and does not necessarily mean sexual intercourse."

■ The record reveals in the instant case that the defendant made a timely objection to this instruction, but he did not suggest an instruction in the alternative. Having failed to do this, we believe the defendant has waived the right to challenge the objectional instruction on appeal. See Farrar v. State, Okl.Cr., 505 P.2d 1355 (1973).

■ The defendant further alleges under this proposition that the trial court erred in his failure to instruct the jury on a lessor and included offense, namely Simple Assault and Battery. The defendant cites no authority to support this proposition. In the case of Sandefur v. State, Okl.Cr., 461 P.2d 954 (1969) this Court stated:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

The defendant's final proposition asserts that the sentence of seven years constitutes cruel, unusual and inhumane punishment of the defendant.

■ We note that the defendant received a term of seven years imprisonment while the statute provides for a term of not less than one nor more twenty years imprisonment. We do not believe the punishment assessed in this case was excessive and the punishment was well within statutory limits.

From an examination of the record and transcript, we find neither fundamental nor prejudicial error which would require reversal or modification. It is therefore the decision of this Court that the judgment and sentence of the District Court be affirmed.

BUSSEY and BRETT, JJ., concur.