**John ABBOTT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–291.**

Court of Criminal Appeals of Oklahoma.

Dec. 7, 1982.

Rehearing Denied Jan. 10, 1983.

Thomas G. Smith, Jr., Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Patrick W. Willison, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, John Abbott, hereinafter referred to as the defendant, was convicted of Lewd Molestation, in the District Court for Comanche County, Case No. CRF–81–349, was sentenced to four (4) years' imprisonment and appeals.

The events which gave rise to the above charge and conviction occurred on the afternoon of May 13, 1981. Larry Hurley was standing on the front porch of his parents home in Lawton, Oklahoma when he saw the defendant across the street holding a nine year old girl by the hand and pulling her behind him. As he watched the defendant sat down on a porch at one of the houses and motioned for the girl to sit next to him. When the girl would not come over to him the defendant reached over to the girl, grabbed her leg and pulled her over to him. The defendant then placed the girl on his lap, and put his hand on her buttocks. The defendant continued by kissing the girl on her head and face, caressing her, rubbing on her, and playing with her vagina. The victim was struggling to get away the entire time. Larry Hurley watched for about two or three minutes and then went inside his parents' house to call the police. Larry Hurley's father, Jacob Hurley continued to watch. The defendant got up and started to pull the victim down the street and away from her house, but she pulled away from him and ran home. Larry Hurley, after calling the police followed the defendant to a park where he identified the defendant for the police.

It was the trial court's decision that the victim was incompetent to testify. The little girl was unable to testify because she was deaf and could only communicate with great difficulty through the use of sign language and an interpreter. Testimony by the victim's mother further established that the little girl was partially paralyzed on her left side.

The defendant, who admitted prior felony convictions, in his defense denied the charge of lewd molestation and asserted that he had merely attempted to comfort and assist what he had thought to be a lost child.

█ In his first assignment of error the defendant argues that the information was fatally defective in that it failed to allege that the acts done by the defendant were done in a lewd or lascivious manner. Inasmuch as the information did charge the defendant with "Lewd Molestation" and defendant has failed to address this issue in his motion for new trial, we need not consider the matter further. The issue is not properly before this Court on appeal. *Shipman v. State,* 639 P.2d 1248 (Okl.Cr.1982).

█ Defendant further asserts in his first assignment of error that the trial court failed to define the terms "lewd and lascivious" however, the record reveals the defendant failed to make such a request. Furthermore, we can find no objection made by the defendant to the instructions offered by the trial court. The defendant has failed to preserve this issue for appeal. *West v. State,* 617 P.2d 1362 (Okl.Cr.1980). Accordingly, defendant's first assignment of error is without merit.

█ Defendant in his second assignment of error argues that the evidence presented at trial was insufficient to support a conviction because the State failed to prove beyond a reasonable doubt that the defendant was touched in a lewd and lascivious manner. As stated in *Tollison v. State,* 514 P.2d 693 (Okl.Cr.1973):

We believe the act of kissing the little girl and playing with or touching the little girl's pelvic area is sufficient to violate the above statute [21 O.S.1971, § 1123] and is sufficient evidence to submit this question to the jury.

Likewise, the facts presented in the instant case clearly presented sufficient evidence to make the matter a question of fact for the jury. Defendant's second assignment of error is without merit.

█ In his third assignment of error defendant argues that the trial court erred when it allowed preliminary questioning of the victim regarding her competency to testify to be conducted in the presence of the

jury. However, having failed to address this issue in his motion for new trial, the question is not properly before this Court on appeal. *Shipman v. State,* supra.

■ Defendant argues in his final assignment of error that the prosecuting attorney engaged in improper cross-examination of the defendant and secondly that the prosecutor made improper statements in his closing argument. Having examined the complained of areas in the transcript we are persuaded that none of the alleged errors constituted fundamental error. Therefore, the defendant's failure to make objections and specifically preserve the issues in his motion for new trial has precluded further consideration. *Shipman v. State,* supra. Accordingly, we find this assignment of error to be without merit.

For the reasons herein stated, the judgment and sentence appealed from should be, and the same is hereby, AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.