Robert Lee McCULLOUGH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–114.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1983.

in the District Court of Oklahoma County and sentenced to five (5) years in prison.

State's evidence established that the occupants of a motel room were frightened away in the early morning hours of June 19, 1982, by noises at the door and at the window. A police officer summoned to the scene saw appellant climbing out the back window. In the alley just below the window lay a sheet on which were piled some of the occupants' possessions. There was evidence suggesting that someone had forcibly entered through the back window of the room.

Appellant's sole assignment of error is that the trial court erred by refusing to instruct the jury on the lesser included offense of illegal entry. We agree.

█ The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged. 22 O.S.1981, § 916. The trial court should submit the case to the jury for consideration upon every lesser included offense which any reasonable view of the evidence suggests. *Johnson v. State,* 632 P.2d 1231 (Okl.Cr.1981). Under the circumstances of the present case, appellant could not have burglarized the room without necessarily committing illegal entry. *Ex parte Peoples,* 69 Okl.Cr. 83, 100 P.2d 295 (1940).

█ Appellant concedes that he entered the motel room, that the room was not his, and that he may have taken something. Those admissions, together with the fact that jewelry belonging to one of the room's occupants was found in his pockets, are enough to prove that appellant committed at least illegal entry. Indeed, defense counsel conceded his client was guilty of illegal entry. However, the evidence that the motel room door was left open when the occupants fled was uncontroverted. The crucial issue at trial was: how did appellant enter that room? By breaking a window, as the State contends? If so, then he was rightly found guilty of Burglary in the Second Degree. Or by walking through the open door? If so, he should have been

James T. Rowan, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Robert Lee McCullough, appellant, was convicted of Burglary in the Second Degree

found guilty only of the misdemeanor of illegal entry. Appellant testified as follows:

Q. [prosecutor] You testified that you did enter that room, is that correct?

A. [appellant] Yes, sir, I did go in.

Q. Did you push the door open?

A. The door was already open.

Q. Was it open partways, or all the way?

A. Well, it was open enough for me to walk in without pushing it.

The trial judge initially agreed to give the instruction. At the close of testimony, however, he changed his mind stating:

you had requested an illegal entry misdemeanor instruction, Mr. Rowan [defense counsel], which I preliminarily indicated I would give. But in reviewing the facts in this case, you are not entitled to illegal entry. The Defendant himself stated he had to push the door open to get in .... your man said himself that he had to push the door open to get in .... your Defendant said he had to open that door. He had to push it open.

We are of the opinion that the evidence warranted the giving of an instruction on illegal entry. Accordingly, we REVERSE and REMAND.

BUSSEY, P.J., and BRETT, J., concur.