Dwight JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–160.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1984.

---

Ezellmo Opio Toure, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Dwight Johnson, was convicted of Burglary in the First Degree, in Comanche County District Court, Case No. CRF–81–595, was sentenced to ten (10) years' imprisonment, and he appeals.

Briefly stated, the facts of this case are that during the early morning hours of September 9, 1981, a man, later positively identified in court as the appellant, broke and entered into the home of Ms. Annie Sheppard. The appellant was discovered inside the residence by Ms. Sheppard's daughter, who alerted Ms. Sheppard of the fact. After calling to her teenage sons to assist her in subdueing the intruder, Willie Sheppard confronted the appellant and saw him carrying an open pocketknife, which he then removed from the appellant's possession. The police were summoned and the appellant placed under arrest.

■ In his initial assignment of error, the appellant alleges that there was insufficient evidence to support a conviction for the charge of burglary in the first degree. We disagree and find this contention meritless. As there is uncontradicted evidence that the appellant did break and enter into the victim's residence during the early morning hours, and that he was confronted by the occupants of the residence while holding an open knife in his hand, we are of the opinion that the State has established a prima facie case. See, *Renfro v. State,* 607 P.2d 703 (Okl.Cr.1980). Thus, there was sufficient evidence from which a jury could reasonably conclude that the appellant was guilty.

■ The appellant also maintains in this assignment of error that his voluntary intoxication negated the intent element of the crime charged which is necessary to sustain a conviction.[1] However, the jury

---

1. 21 O.S.1981, § 1431 reads in pertinent part as follows:

Every person who breaks into and enters the dwelling house of another, in which there is

was adequately informed by Instruction No. 16 that if the appellant was found to be incapable of forming the requisite intent to commit the crime charged due to his voluntary intoxication, then he should be found not guilty. As the jury determined that the appellant was guilty of the crime charged, the issue of voluntary intoxication was a question of fact properly submitted to and decided by the jury. This assignment of error is therefore without merit.

 In another assignment of error, the appellant contends that the trial court erred by failing to issue an instruction on circumstantial evidence. The appellant, however, has failed to specifically allege this assignment of error in his motion for a new trial nor did he request an instruction on circumstantial evidence or object to the instructions submitted by the trial court. This assignment of error is therefore not properly preserved for appellate review. See, *McDuffie v. State,* 651 P.2d 1055 (Okl.Cr. 1982), and *West v. State,* 617 P.2d 1362 (Okl.Cr.1980), respectively.

·  Moreover, even if this assignment of error had been properly preserved, we find it to be meritless. As there was direct evidence that the appellant broke into and entered the victim's residence by unlocking a window and removing a screen, and that he was inside the house with a knife in his hand, the jury instruction regarding circumstantial evidence was properly not given. *Grimmett v. State,* 572 P.2d 272 (Okl. Cr.1977).

 Additionally, the appellant assigns as error that his punishment was excessive. We disagree. In view of the overwhelming evidence of the appellant's guilt and the fact that his punishment is well within the range provided by statute, we cannot conscientiously say that the sentence imposed shocks the conscience of the Court. See, *Edwards v. State,* 645 P.2d 528 (Okl.Cr. 1982). Accordingly, this assignment of error is without merit.

at the time some human being, with the in-

For the above and foregoing reasons, the judgment and sentence of the trial court is, hereby, AFFIRMED.

CORNISH and BRETT, JJ., concur.

tent to commit some crime therein. . . .