**D.R.R., a juvenile, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. J–86–834.**

Court of Criminal Appeals of Oklahoma.

March 6, 1987.

Thomas H. Stringer, Jr., Henryetta, for appellant.

Beryl R. Davis, Asst. Dist. Atty., Henryetta, for appellee.

## OPINION

PARKS, Judge:

The appellant, D.R.R., a juvenile, was adjudged a delinquent in Okmulgee County District Court, Juvenile Division, in Case No. J–86–73, based upon a finding that the appellant had committed the underlying crime of Larceny of an Automobile in violation of 21 O.S.1981, 1720. We reverse and remand with instructions to dismiss.

In his first assignment of error, the appellant contends that the evidence present-

ed by the State was insufficient to establish that he was guilty of the crime charged beyond a reasonable doubt. We agree. The evidence presented by the State showed that around 11:00 p.m. on July 25, 1986, Bernard Rideau, an Okmulgee resident and owner of the vehicle in question, observed two people in the front seat of his car driving down the street. Following an unsuccessful chase, Mr. Rideau returned home, obtained his car title, and went to the police station to report the theft of his car. Officer Joe Watson of the Henryetta police department testified that he received a description of the missing car around 1:40 a.m. At 1:55 a.m., Officer Watson stopped the car and apprehended two juveniles, D.J., who was the driver, and the appellant who was a passenger. Appellant testified that he lived about eight blocks from Mr. Rideau, that he did not participate in the taking of the car, and that D.J. came by his house about 11:00 p.m. and offered him a ride in the car.

Due process requires a reviewing court to examine the evidence in the light most favorable to the prosecution in determining whether any rational trier of fact could find the essential elements of the crime charged beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Spuehler v. State,* 709 P.2d 202, 203–04 (Okl.Cr.1985). In making this assessment, the reviewing court must accept all reasonable inferences and credibility choices that tend to support the decision of the trier of fact. *See Washington v. State,* 729 P.2d 509, 510 (Okl.Cr.1986). Circumstantial evidence and reasonable inferences drawn therefrom, which have the same probative effect as direct testimony, need not exclude every conceivable hypothesis or negate any possibility other than guilt. *See Fiorot v. State,* 641 P.2d 551, 554 (Okl.Cr.1982), *cert. denied,* 469 U.S. 847, 105 S.Ct. 159, 83 L.Ed.2d 96 (1984).

■ Viewing the facts in the light most favorable to the State, we must conclude that no rational trier of fact could conclude beyond a reasonable doubt that the appellant participated in the taking of the stolen vehicle. The State failed to present any evidence which tended to show that the appellant was the second person in the car when the owner observed it being stolen. Mr. Rideau could not identify the two people he saw in his car, nor did he observe any identifying characteristics such as the color of their clothing. On this record, we cannot say that, because Mr. Rideau saw two wholly unidentified people in the front seat of his car as it was driven away and that appellant was a passenger in the stolen vehicle almost three hours later, there was sufficient evidence to convict the appellant of the crime charged. *See Spuehler v. State,* 709 P.2d 202, 203–04 (Okl.Cr.1985). Such circumstantial evidence was simply too remote in this case to connect the appellant to the original taking, especially since the location where the appellant was apprehended was less than thirty (30) minutes from the scene of the original taking. The mere presence of a passenger in a stolen vehicle alone, without more, cannot be sufficient to support a conviction beyond a reasonable doubt for Larceny of an Automobile.

■ Finally, we must reject the request by the district attorney that the preponderance of the evidence standard be utilized in juvenile adjudications. *See In re Winship,* 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368 (1970). Insofar as the State has failed to sustain the allegations of its petition to adjudicate the appellant as a delinquent under 10 O.S.1981, 1113, this action must be reversed with instructions to dismiss. *See In re Howard,* 515 P.2d 1399, 1400 (Okl.Cr.1973). *See also Burks v. United States,* 437 U.S. 1, 18, 98 S.Ct. 2141, 2150–51, 57 L.Ed.2d 1 (1978) (double jeopardy clause precludes second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain conviction).

Accordingly, for all of the foregoing reasons, the judgment and sentence of the trial court is REVERSED and REMANDED with instructions to DISMISS.

BRETT, J., concurs.

BUSSEY, J., dissents.

**BUSSEY, Judge, dissenting:**

I must dissent to the reversal of this case with instructions to dismiss. The victim observed two persons in the front seat of his stolen automobile at approximately 11:00 p.m. on July 25, 1986. The appellant, who lived eight blocks from the victim, was a passenger in the car three hours later when the police stopped the car. Appellant admitted that he knew the car was stolen, but he denied taking it.

While this evidence is entirely circumstantial, viewing it in the light most favorable to the State, I am of the opinion that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler*, supra. Consequently, I would affirm the judgment.