**Robert Joe ALLEN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–347.

Court of Criminal Appeals of Oklahoma.

March 12, 1987.

Elaine Meek, Asst. Appellate Public Defender, for appellant.

Michael C. Turpen, Atty. Gen., Tommylou Gentry Ladell, Asst. Atty. Gen., Lana Cohlmia, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Robert Joe Allen, was tried by a jury for the crime of Indecent Proposal to a Child Under the Age Fourteen, After Former Conviction of Two or More Felonies, in violation of 21 O.S.1981, § 1123 and 21 O.S.1981, § 51(B), in McClain County District Court Case No. CRF–83–128. The appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at 60 years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence appellant has appealed to this Court.

During the summer of 1983, appellant, a fifty-one-year-old man who was the manager for the Oak Creek Apartments in Purcell, Oklahoma, employed a twelve-year-old girl, M.W., who was also a resident of the

apartments to help him with the apartment upkeep. While she was helping appellant, he asked M.W. to pose nude for certain photographs. This request frightened M.W. so she left the apartment they were working in. M.W. told her parents about the incident and they instructed her to stay away from appellant.

Later, on July 28, 1983, while M.W. was at a friend's house she and the friend decided to telephone appellant to request his granddaughter to come over and play with them. Appellant answered the telephone. After he informed M.W. that the granddaughter was sleeping, he again attempted to persuade her to pose in the nude. Appellant informed M.W. that she would be paid three dollars per photograph and that there were a thousand pictures on the roll of film. M.W. again declined and hung up the telephone. She then called the Purcell police. As a result of the telephone call, M.W. was requested to come to the police station. The police arranged for M.W. to be wired with a tape recorder and she again called appellant, but he would not talk to her at that time. Later the appellant set up a meeting with M.W. for August 1, 1983, at noon in the parking lot of the apartment complex. M.W. was equipped with a microphone for recording and the police maintained surveillance of her. M.W. met appellant as arranged. The conversation as transcribed was played for the benefit of the jury.

In his first assignment of error, appellant attempts to challenge the sufficiency of the information and the instruction given to the jury.

 In first part of this assignment appellant contends that the information did not sufficiently state the crime of indecent proposal to a child. As we review the information it was sufficient to inform the defendant of the crime with which he was charged. However, this issue is not properly before this Court. The record fails to disclose a prior attack by appellant on the sufficiency of the information used at trial. Appellant should have filed a demurrer or motion to quash the information. *McCann v. State*, 82 Okl.Cr. 303, 169 P.2d 222 (1946). An objection to the sufficiency of the information cannot be raised for the first time on appeal unless some foundation was laid for the objection before the final judgment was rendered. *Willis v. State*, 64 Okl.Cr. 213, 78 P.2d 840 (1938). Failure to object constitutes a waiver of the right to attack the sufficiency of an information on appeal. This Court has firmly established that a defendant waives his right to attack the sufficiency of an information on appeal if he pleads to the information and goes to trial. *Short v. State*, 634 P.2d 755 (Okl.Cr.1981). The true test of the sufficiency of an information is not whether it could have been made more certain but whether it contains the elements of the offense charged and correctly apprises the defendant of what he must be prepared to meet. *Id.*

And secondly, whether a conviction under the information would expose the defendant to the possibility of subsequently being put in jeopardy the second time for the same offense. *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981). After the reviewing of the information and the allegation made in this part of the assignment of error, this Court finds that appellant's contention is without merit. 21 O.S.1981 § 1123.

 In the second portion of this first assignment of error, appellant complains that the trial court erred in its jury instructions on indecent proposal to a child. We first observe that appellant did not object to this instruction, nor did he offer a proposed written instruction. Appellant has failed to preserve this issue for review because failure to object, offer, or request such instruction constitutes waiver. *Koonce v. State*, 696 P.2d 501 (Okl.Cr. 1985); *Johnson v. State*, 674 P.2d 579 (Okl. Cr.1984). The instructions given to the jury is a matter within the discretion of the trial court, provided that the instructions are given fairly and correctly state the applicable law. *Allison v. State*, 675 P.2d 142 (Okl.Cr.1983). After reviewing the in-

structions, this Court finds that they sufficiently instructed the jury and therefore this contention is without merit.

■ In the second assignment of error, appellant challenges the sufficiency of the evidence to prove the crime for which he was charged. In *Spuehler v. State*, 709 P.2d 202, 203 (Okl.Cr.1985), this Court recited,

In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the United States Supreme Court held that due process requires a reviewing court to determine "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt."

It has long been held that it is the exclusive province of the jury to weigh the evidence, to resolve conflicts, and to reconcile the testimony considering the motives of the witnesses, and therefore this Court should not interfere with the verdict which was reached. *Coleman v. State*, 600 P.2d 351 (Okl.Cr.1979).

Portions of the taped conversation support the jury's conclusion that the appellant was persuading the child to go to a secluded place, that is, an empty apartment, for the purpose of taking nude photographs. Appellant asserts that there is no showing of his intent to lewdly or lasciviously look upon M.W. while he was taking the photographs. The evidence reveals, however, that there would be a series of posing sessions in order to expedite the taking of the photographs and the saving of film. Consequently, it was not illogical for the jury to reach the conclusion that appellant intended to lewdly and lasciviously look upon M.W.

In *Rich v. State*, 266 P.2d 476, 480 (Okl. Cr.1954), this Court stated,

The statute is violated by any adult person touching or feeling the body of the child in a lewd or lascivious manner. The absence of any suggestions on the part of the accused of unlawful sexual relations or an attempt to maul or feel the private parts of the little girl are matters which go to the weight of the evidence to be considered by the jury in their determination as to the manner in which the acts were committed or the intent with which they were committed.

The jury could reasonably infer that from the conversations between appellant and M.W. that the evidence was sufficient to convict appellant as charged. This assignment contains no merit.

■ In the third assignment of error, appellant complains that the court erred in accepting a verdict form that is ambigious and inconsistent on its face and which imposed a sentence in excess of the statutory maximum for this offense. However, the record before this Court reflects that appellant was charged with having committed more than two prior felonies, and the supplemental instructions given to the jury in the second stage of the trial as well as the verdict form are evidence of the fact of the jury's determination that the defendant's sentence should be enhanced. The record fails to reflect that appellant made any objection to the trial court's alleged error in accepting the verdict form. If he felt that the verdict form used by the trial court was irregular or not in proper form, he should have objected to the sufficiency of the verdict form at the time it was returned to court in order that the trial court would have an opportunity to correct the verdict form prior to the jury being discharged.

■ Since appellant failed to make a proper objection at the time the jury returned its verdict, this issue was waived and cannot be raised first on appeal. The instructions reflect that the jury was first instructed that if this were the first offense for the appellant he would be sentenced to not more than 20 years. The following instruction instructed the jury in the event that they found appellant had been convicted of one prior felony, then the

minimum sentence would be 10 years. Another following instruction instructed that if the jury found that appellant had been convicted of two or more prior offenses, punishable by imprisonment in the penitentiary the jury could set appellant's sentence at not less than twenty years. By giving these instructions, the trial court allowed the jury to fix appellant's punishment by statute. Insofar as appellant was formally convicted of two or more felony convictions, we find that appellant's contention is without merit. *Reams v. State,* 551 P.2d 1169 (Okl.Cr.1976); *Allen v. State,* 522 P.2d 243 (Okl.Cr.1974).

■ In the fourth assignment of error, appellant contends that the court committed fundamental error when it failed to give appellant's requested instruction on the the defense of entrapment. Under the facts of this case, the trial court was under no duty to instruct on the defense of entrapment. In the first instance, for such an instruction to be given the accused must admit the commission of the offense charged before invoking the the defense. In this case, appellant admitted doing nothing in violation of the law. Therefore, this contention is without merit. There is no showing whatsoever that appellant was entraped by the police. When the police learned of appellant's criminal behavior, they used the child as a decoy in the investigation and the matter was not one instigated by the police insofar as appellant had made his earlier proposal to M.W. See *Nielson v. State,* 639 P.2d 615 (Okl.Cr. 1982) wherein this Court held:

> An entrapment defense must follow admission to the act charged. The simultaneous assertion of improper inducement to commit a crime and denial of having committed the act negates the entrapment defense....

■ In the fifth assignment of error, appellant complains about various remarks the prosecutor made during both stages of the closing argument. However, in the brief filed by appellant it is admitted that only one comment was objected to but,

nonetheless appellant asserts that the comments made when considered together constitute fundamental error. We do not believe that the comments are of such nature as to constitute fundamental error. Counsel for both sides have the right to argue the evidence presented at trial and to draw a reasonable inference therefrom. This right of argument includes freedom of speech where the range of discussion, illustration and argumentation is wide so long as the party confines the discussion to the evidence presented to the jury. *King v. State,* 640 P.2d 983 (Okl.Cr.1982); *Robson v. State,* 611 P.2d 1135 (Okl.Cr.1980). From the evidence presented, we do not believe that the prosecutorial statements were determinative of the guilty verdict. In addition, appellant has failed to demonstrate any specific allegation of prejudice as a result of those statements. We therefore deny this assignment of error.

■ In his last assignment of error, appellant asserts that the sentence imposed is excessive. Appellant was convicted for a felony offense after former conviction of two or more felonies. The record reflects that appellant had been convicted of four previous felony offenses. 21 O.S.1981 § 51(B) provides:

> Every person who having been twice convicted of felony offenses, commits a third, or thereafter, felony offenses within ten (10) years of the date following the completion of the execution of the sentence shall be punished by imprisonment in the state penitentiary for a term of not less than twenty years....

The purpose for this statute is to enhance punishment of one who has shown to be an habitual offender. This Court has held many times that it does not have the power to reduce the sentence unless we can conscientiously say that the sentence is so excessive as to shock the conscience of the court. *Dodson v. State,* 562 P.2d 916 (Okl. Cr.1977). After considering the facts of this case, we do not find that it shocks the conscience of the Court and therefore this assignment of error is denied.

For the reasons herein stated, the Court finds that the judgment and sentence imposed on appellant should be affirmed.

BUSSEY and PARKS, JJ., concur.