BRETT, P.J., and PARKS, J., concur.

Jan THOMAS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–762.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1987.

Richard E. Butner, Wewoka, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jan Thomas, was charged with four counts of Obtaining Merchandise by Means of Bogus Check After Former Conviction of a Felony in violation of 21 O.S., § 1541.2, in the District Court of Pontotoc County, Case No. CRF–85–41. Immediately prior to trial, the information was amended to combine the first two checks and the last two checks to charge two violations under 21 O.S.Supp.1982, § 1541.-3. The jury returned a verdict of not guilty on the first count, and guilty on the second. Appellant was sentenced to ten (10) years imprisonment, and her suspended sentence from a prior conviction for Obtaining Merchandise by Means of Bogus Check was revoked. From her judgment and sentence, she brings this appeal.

The facts disclosed by the record reveal that on September 28, 1984, appellant wrote two checks for merchandise in Ada, Oklahoma. Both were returned to the merchants and marked "insufficient funds." On October 6, 1984, appellant wrote a check to another store in Ada which was returned. On March 1, 1985, a medical clinic in Ada accepted a check from the appellant for services rendered. The bank notified the clinic that the account had been closed. Each of the check holders attempted, unsuccessfully, to contact appellant, and then turned the checks over to the District Attorney of Pontotoc County for prosecution.

In her first assignment of error, the appellant contends that the trial court erred in combining the March 1, 1985, check and the October 6, 1984, check into one felony count. The record reflects that the information was amended on the morning of trial on the written motion of appellant to combine all of the checks into a single count under 21 O.S.Supp.1982, § 1541.3. Appellant failed to have any record made of the proceedings that resulted in the amended charges which were presented to the jury. At the close of trial, however, the record does disclose the defense's previous agreement to go to trial on the amended information. It is well established that a defendant may waive both a preliminary hearing on an amended information, *Grizzle v. State*, 559 P.2d 474 (Okl.

Cr.1977), and his right to object to defects in the charge, *Hambrick v. State*, 535 P.2d 703 (Okl.Cr.1975). Furthermore, an appellant cannot obtain a reversal based on invited error. *See Money v. State*, 700 P.2d 204 (Okl.Cr.1985). In this case, where the record is devoid of motions or objections necessary to preserve this issue, and where whatever error that may have occurred appears to be invited, appellant's assignment must fail.

■ In her second assignment of error, the appellant contends that the trial court erred in refusing to instruct the jury on the misdemeanor offense of False Pretense and Obtaining Merchandise by Bogus Check. The record shows that instructions on the misdemeanor offense were properly requested, and defense counsel timely objected to the court's failure to give those instructions. A review of the statutes involved make it clear that the elements of 21 O.S.Supp.1982, §§ 1541.1 and 1541.3 are identical, with the exception of the specific aggravating elements of the use of more than one check, a minimum combined value of fifty dollars, and a common scheme. All of the elements of the misdemeanor statute are contained within § 1541.3. It is thus unavoidably clear that § 1541.1 is a lesser included offense of § 1541.3. It is reversible error for the trial court to refuse to instruct on a lesser included offense where a request is made and the jury could reasonably find the defendant not guilty of the greater offense, but guilty of the lesser. *See McCullough v. State*, 669 P.2d 311 (Okl.Cr.1983). The State's assertion that the amount of the last check was in excess of fifty dollars is but a bald misrepresentation of the record. The evidence before the jury in this case could have supported a conviction on the misdemeanor charge, and we must therefore reverse the conviction.

■ Having held that the appellant may be properly tried on Count Two, which combines checks written on October 6, 1984, and March 1, 1985, we find it necessary to address appellant's final assignment, which deals with evidence admissible under an Order in Limine signed by the trial judge. Appellant asserts that under that order, no evidence of account balances should have been allowed by the trial court. We point out that the Order signed by the court does not absolutely preclude the State from offering such evidence. Rather it requires that a proper foundation be laid, and it also limits the State's use of such evidence to proof of a common scheme or plan. To the extent that a proper foundation is laid and the use is properly limited, evidence of account balances and other checks will be admissible on remand.

Finding reversible error, we REVERSE the conviction on Count Two of the amended information and REMAND for proceedings not inconsistent with this opinion.

BRETT, P.J., concurs.

PARKS, J., specially concurring.

PARKS, Judge, specially concurring:

While I agree in the result reached by the majority, I write separately on the appellant's first assignment of error. On the morning of trial, the trial court combined the four charges into two charges. The two checks written on September 28, 1984 were combined under the "common scheme or plan" allowance under 21 O.S.1981, § 1541.3. Similarly, a check written on March 1, 1985 and one written on October 6, 1984 were combined into one charge.

The problem lies in this second combination. Not only were the checks written six months apart, but the testimony also reveals that one check was for doctor's services and the other was for shoes. There is not even a hint that these checks were part of a "common scheme or plan to cheat and defraud." 21 O.S.1981, § 1541.3. For this reason, I agree with the appellant that it was improper to combine the checks written on March 1, 1985 and October 6, 1984 into one count.