Harold **WALLACE**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–85–587.

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1987.

Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Harold Wallace, was tried by judge after waiving a jury trial, in Tulsa County District Court, Case No. CRF–84–2912, and convicted of Robbery with Firearms (21 O.S.1981, § 801), After Former Conviction of a Felony. He was sentenced to fifty (50) years imprisonment and appeals.

On January 30, 1984, Mr. and Mrs. Evans were robbed at their apartment in Tulsa, Oklahoma. Around 11:00 p.m., they were returning from the grocery store when Mrs. Evans noticed a man, who was in the car next to theirs, staring at her. As they began unloading their groceries after reaching their apartment, a man approached them and pulled a gun out of his pants. He was about five feet ten inches tall, had a beard and was wearing a knit cap. He told them to go inside or he would shoot them. Once inside, the appellant told them to lay on the ground. A second man entered the apartment, and together with the appellant, ransacked the apartment, taking some money, articles of clothing and a diamond necklace. They tied the Evans' with a sheet, told them not to move, and left the apartment. Mrs. Evans freed herself and called the police. The Evans' went to the police department and looked through mug-shot books, but could not identify their assailant.

About six months later, Mrs. Evans attended a class reunion with friends and recognized the defendant as the man who robbed her. After looking at him for several hours, she went to the police station and looked through mug-shot books again. She identified the appellant from a picture in the book. Mr. Evans was called and also identified the appellant in a photographic lineup. At trial, it was stipulated by the parties that the appellant's picture had been added to the book after the time the Evans' first looked through the books.

As his first assignment of error, the appellant alleges that it was error to allow his trial counsel to stipulate to his prior convictions without the appellant's intelligent and knowing consent. At the beginning of trial, the parties stipulated to the appellant's three prior felony convictions. Appellant was present and made no comment when his attorney agreed to this stipulation.

We find *Moore v. State*, 714 P.2d 599, 601 (Okla.Crim.App.1986) to be determinative of this issue. In *Moore*, the defendant claimed that the record did not state that he personally agreed to the stipulation after an explanation of his rights. He argued that this was essentially the same as a guilty plea, and any waiver must be knowing and intelligent. This Court pointed out that he was present at the time of the stipulation, and could not claim lack of knowledge. Similarly, the appellant in this case cannot claim lack of knowledge. Additionally, it should be noted that certified

copies of the judgment and sentences were entered into evidence. This assignment is without merit.

■ Secondly, the appellant alleges that it was error to admit several photographs taken at the scene of the crime. The photographs, taken in daylight, depicted the lights in the parking lot. Admittedly, the crime occurred after dark and the appellant argues that they do not accurately reflect the scene of the crime.

It is well settled that the admissibility of photographs is a matter within the trial court's discretion. *Young v. State,* 701 P.2d 415, 417 (Okla.Crim.App.1985). Absent a clear abuse of discretion, this Court will not reverse the trial court's ruling. *Cooks v. State,* 699 P.2d 653, 659 (Okla. Crim.App.1985). In the present case, the trial court, after hearing argument from both parties, ruled that the photographs were admissible to show that there were lights in the area. They were not admitted to show the actual lighting conditions on the night of the robbery. Because the admission of the photographs is not a clear abuse of discretion, we find this assignment to be without merit.

■ The appellant also contends that the trial court erred by questioning a witness, and by preventing the State from calling rebuttal witnesses. The judge has wide latitude in questioning witnesses and should do so if clarification is needed, as long as he does not indicate to the jury his views on the issues. *Black v. State,* 664 P.2d 1054, 1057 (Okla.Crim.App.1983); *see Hicks v. State,* 713 P.2d 18, 20 (Okla.Crim. App.1986). Here, the judge was clarifying the witness' testimony regarding her description of the appellant. He did so for his own behalf as this was a non-jury trial, and was well within his authority in doing so.

■ At the close of the appellant's case, the trial judge discouraged the State from presenting rebuttal witnesses. It is hard to see how the appellant could have been harmed by the judge's suggestion. The judge was not acting as an advocate, but was directing the trial as an impartial moderator. *See United States v. Cheatwood,* 575 F.2d 821, 826 (10th Cir.1978). This allegation is meritless.

■ As appellant's fourth assignment of error, he urges that he was denied effective assistance of counsel. The basis for his allegation is that his trial counsel did not question the pretrial lineup. In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-part test for such claims: (1) the defendant must show that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Appellant has failed to meet the first requirement as there is no indication of impropriety in the pretrial lineup. Therefore, counsel's performance was not deficient by failing to question a permissible lineup.

■ He also indicated that counsel's performance was deficient due to the lack of investigation into his alibi. However, the record does not support such a claim. At trial, the appellant's sister testified that she spent the whole weekend with the appellant. Clearly, the appellant's counsel presented the most knowledgable witness with regard to the appellant's whereabouts on the night of the robbery. Again, the appellant has failed to show that counsel's performance was deficient.

■ Appellant's final assignment of error involves the propriety of the pretrial lineup. He alleges that the photographic lineup was impermissibly suggestive. The record reflects that Mr. Evans identified the appellant from a photographic lineup of between three to five pictures. All photographs were of black men with beards, matching the general description of the appellant.

Appellant has the initial burden of showing that "the identification procedure was so impermissibly suggestive as to give rise to a very substantial liklihood of irreparable misidentification." *Millwood v. State,* 721 P.2d 1322, 1326 (Okla.Crim.App.1986). *See also Reaves v. State,* 649 P.2d 780, 783 (Okla.Crim.App.1982). In the present case, the record is void of any indication of sug-

gestiveness. Because appellant failed to meet his burden, his contention is without merit.

Finding all of the assignments of error raised by the appellant to be without merit, the judgment and sentence rendered by the trial court is AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.