Enrique ROLDAN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–820.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1988.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

## OPINION

PARKS, Judge:

Enrique Roldan, appellant, was tried by jury and convicted of Indecent Proposal to a Child Under Sixteen (21 O.S.Supp.1983, § 1123), in Case No. CFR–85–405, in the

District Court of Comanche County, the Honorable Jack Brock, District Judge, presiding. The jury set punishment at imprisonment for eight (8) years. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

On October 5, 1985, R.M., thirteen-years-old, and his stepbrother, T.D., sixteen-years-old, went to the Lawton public library. About 1:00 p.m., R.M. went to the bathroom and sat in one of the doorless stalls. R.M. testified appellant stood at a urinal. Other men entered the restroom and appellant left. After the other men left, appellant reentered and again stood at a urinal. R.M. stood, pulled up his underwear, and as he started pulling up his pants, appellant stepped into the stall with him. Appellant reached out, grabbed R.M.'s crotch, and whispered, "let me feel it." R.M. responded by immediately running out of the restroom, buttoning his pants in the library lobby.

R.M. told his brother what happened, and both boys waited in the lobby for appellant so that T.D. could see him. Shortly thereafter, appellant left the library and walked towards a shopping mall. The boys followed him. Appellant doubled back to the library, passing the boys, and they went to a public telephone. R.M. called his older brother and, when the older brother arrived, the three boys walked to the library and looked for appellant. They found him in the restroom, standing at a urinal. The boys waited for appellant in the lobby. Appellant walked to a table and read a newspaper. He then walked out of the library and, immediately after exiting, ran to his car with the boys in pursuit. Appellant jumped into his car and sped away. T.D. copied down appellant's license number on the palm of his hand. The boys walked to the hospital where their mother worked and told her what happened. She called the police. The boys went to a church youth revival, and their mother picked them up later that evening and took them to the police station. All three boys testified at trial.

Appellant testified and denied having any contact with R.M. other than bumping into him as he entered the restroom. He testified that, after the incident, he walked to his car and got his lunch. Appellant ate his lunch and returned to the library, completed his research, walked to his car, and drove to a birthday party. In support of his good character, appellant introduced evidence showing he holds a top secret clearance in the Army. Two soldiers testified as to appellant's reputation for truth and veracity.

For his first assignment of error, appellant asserts the evidence was insufficient to convict because the testimony of the complaining witness was inherently improbable, incredible, and uncorroborated.

The test for sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *Allen v. State*, 734 P.2d 1304, 1307 (Okla.Crim.App. 1987); *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim.App.1985).

We apply the same test for necessity of corroboration in lewd or indecent proposal cases as we apply in rape cases. *Davis v. State*, 272 P.2d 478, 484 (Okla. Crim.App.1954); *White v. State*, 268 P.2d 310, 311–12 (Okla.Crim.App.1954). A conviction may be sustained upon the uncorroborated testimony of the prosecuting witness, unless such testimony appears incredible and so unsubstantial as to make it unworthy of belief. *Beshears v. State*, 738 P.2d 1375, 1377 (Okla.Crim.App.1987); *Still v. State*, 484 P.2d 549, 551 (Okla.Crim.App. 1971). The testimony of R.M. was lucid, clear and devoid of ambiguity. His memory and veracity were thoroughly tested on cross-examination. We find his testimony was not inconsistent, incredible or contradictory. *Beshears*, 738 P.2d at 1337. Therefore, no corroboration was required.

Appellant characterizes this case as a "swearing match." Credibility of witnesses and the weight to be given to their testimony is within the exclusive province of the jury, and the jury may believe one witness while discounting the testimony of another witness. *Renfro v. State*, 607 P.2d

703, 706 (Okla.Crim.App.1980). It is within the exclusive province of the jury to weigh the evidence, resolve conflicts, and reconcile the testimony concerning the motives of the witnesses. *Allen*, 734 P.2d at 1307. This Court on review will accept all reasonable inferences and credibility choices that tend to support the jury's verdict. *Washington v. State*, 729 P.2d 509, 510 (Okla. Crim.App.1986). Viewing the evidence in the light most favorable to the State, we find a rational trier of fact could have found appellant guilty of making an indecent proposal to a child under sixteen beyond a reasonable doubt. This assignment of error is without merit.

■ For his second assignment of error, appellant asserts his sentence is excessive. Appellant was sentenced to imprisonment for eight (8) years. The possible punishment for this crime is imprisonment for not less than one (1) nor more than twenty (20) years. 21 O.S.Supp.1983, § 1123. When the sentence imposed is within the range provided by statute, this Court will modify a sentence only when it shocks the conscience of the Court upon a study of the facts and the circumstances of the case. *Lamora v. State*, 717 P.2d 113, 116 (Okla. Crim.App.1986); *Allen*, 734 P.2d at 1308. Here, we cannot say the sentence imposed shocks the conscience of the Court. This assignment of error is without merit.

■ For his third assignment of error, appellant asserts the jury instructions were not sufficiently clear or sufficiently defined. When the trial court asked appellant's counsel if he had any objections to the proposed jury instructions, counsel responded, "I have no objections, Your Honor, and no requested instructions." Appellant has failed to preserve this issue for appellate review. *Abbott v. State*, 655 P.2d 558, 559 (Okla.Crim.App.1982). Failure to object, offer, or request additional instructions constitutes a waiver. *Allen*, 734 P.2d at 1306. Instructions given to the jury are within the discretion of the trial court, provided the instructions fairly and correctly state the applicable law. *Id.* at 1306. Here, the instructions correctly stated the applicable law. This assignment of error is without merit.

■ For his fourth assignment of error, appellant asserts he was denied a fair trial because the prosecutor implied during cross-examination of a character witness that the witness was appellant's homosexual lover. After carefully reviewing the entire cross-examination of the witness, we find the prosecutor did nothing of the kind. Appellant's argument is meritless.

■ For his final assignment of error, appellant argues the cumulative effect of error at trial necessitates his case be remanded for a new trial, or that his sentence be substantially modified. If there are no individual errors, there can be no error by accumulation. *Horton v. State*, 724 P.2d 773, 776 (Okla.Crim.App.1986).

Accordingly, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.