**Claude Edward BARR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-87-348.**

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1988.

Elaine Meek, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Teresa Lynette Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Claude Edward Barr, was convicted in the District Court of Tulsa County, Case No. CRF–85–4507, of the crime of Murder in the First Degree. He was sentenced to life imprisonment and brings this appeal.

The facts disclosed by the record reveal that on November 20, 1985, Charlene Blakely was severely beaten in her kitchen while her children slept in their rooms at the other end of the house. When her husband arrived at home and found her, he called the police, an ambulance, and Charlene's parents. Charlene died from her wounds two days later.

Investigation by the police led to appellant's home where a tire tool, boots, and a coat still wet from washing were found. Blood consistent with the victim's was found on the tire tool and boots. Additionally, hair samples taken from the tire tool were found to be consistent with the victim's. A subsequent search also recovered the victim's purse from appellant's garage. Other testimony demonstrated that appellant had been at a neighbor's house taking drugs on the night of the attack. He used all of his money to help acquire drugs. Later that night, he left and returned again. This period of time coincided with the time of the attack on Charlene who was, according to the record, a drug dealer. When appellant returned, he was wearing different clothes, had more money, and had more drugs. He left once more after about half an hour and was not seen again until over two months later when he was arrested in Phoenix, Arizona.

In his first assignment of error, appellant claims that his conviction is based upon insufficient evidence. Specifically, he claims that the State failed to prove malice aforethought and that the State failed to prove that he committed the crime. If, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, then we will not disturb the verdict for insufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985).

■ As there were no witnesses to the crime, all of the evidence establishing appellant's guilt is circumstantial. Malice aforethought may be proved by circumstantial evidence, and this Court will not interfere with the jury's decision where there is competent evidence in the record from which the jury could reasonably conclude that appellant is guilty as charged. *See Henderson v. State*, 661 P.2d 68 (Okla. Crim.App.1983), and *McFarland v. State*, 648 P.2d 1248 (Okla.Crim.App.1982). Evidence from which the jury in this case could have found malice aforethought includes the fact that appellant asked his companions who might be at Charlene's house before he left on his fateful mission. None of Charlene's children were awakened when the attack occurred, indicating that she did not cry out before she was rendered unconscious by blows from the tire tool. Although there was evidence of drug use, no evidence suggested that appellant had lost control of his faculties or was unable to form the requisite mental element for first degree murder. We hold that a reasonable jury could have found malice aforethought beyond a reasonable doubt.

■ Proof of appellant's identity includes the discovery of blood consistent with that of the victim on appellant's boots and on the tire tool found in appellant's garage. Hair that was discovered on the tire tool was found to be consistent with that of the victim. Appellant's whereabouts at the time of the attack on Charlene are unaccounted for. After the attack, however, he was seen with money and drugs which he did not have previously and lacked resources to obtain. These facts, taken together with the context of the trial and other evidence presented, provided more than sufficient evidence to support the jury's verdict under the test in *Jackson, supra*, and *Spuehler, supra*, and this assignment must fail.

In his second assignment, appellant asserts that the trial court erred in admitting prejudicial and cumulative photographs of the crime scene. Several pictures of the kitchen in the victim's home showing the blood on the floor, walls, and ceiling were admitted into evidence. Two of these pictures are of the same area and taken from the same angle. Nothing in the record

reflects any purpose in having admitted both of them.

■ "It is well settled that the admissibility of photographs is a matter within the trial court's discretion ... [A]bsent a clear abuse of discretion, this Court will not reverse the trial court's ruling." *Wallace v. State*, 747 P.2d 324, 326 (Okl.Cr. 1987). (Citations omitted.) "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ... [or] needless presentation of cumulative evidence ..." 12 O.S.1981, § 2403. A review of the pictures reveals that they are not gruesome or unfairly prejudicial. The admission of the two identical photographs, however, was error. This does not end the inquiry, though, since "[i]t is not error alone that requires the reversal of judgments of conviction, but error plus injury, and the burden is on the appellant to establish the fact that he was prejudiced in his substantial rights by the commission of error." *Harrall v. State*, 674 P.2d 581, 583 (Okl.Cr. 1984). Appellant has not demonstrated prejudice, and this assignment must fail.

■ In his last assignment, appellant asserts that the trial court erred in failing to instruct on the defense of voluntary intoxication, and on the lesser included offense of first degree manslaughter. Appellant did not object to the instructions given at trial, nor did he offer any proposed written instructions. He has therefore waived review of all but fundamental error. *See, Allen v. State*, 734 P.2d 1304, 1306 (Okl.Cr. 1987).

■ Appellant has provided no citations of authority on point in support of his assertion that an instruction on the defense of voluntary intoxication must be given *sua sponte* by the trial court. The rule is that instructions will be considered adequate so long as they fairly and accurately state the applicable law. *Allen*, supra. The question of voluntary intoxication should not be submitted to the jury unless the defendant presents sufficient evidence, or the evidence of the prosecution raises the possibility, that the defendant was "so far under the influence of an intoxicating liquor,

drug, or other substance that his/her passions [were] visibly excited or his/her judgment [was] impaired." OUJI–CR 736, and Commission Comment to OUJI–CR 735. The evidence of intoxication in this case simply did not rise to a level requiring reversal for the failure of the trial court to give this instruction *sua sponte*.

■ Similarly, instructions on a lesser included offense should be given only where a reasonable view of the evidence presented to the jury would support a conviction of that lesser included offense. *Cf. McCullough v. State*, 669 P.2d 311 (Okl.Cr. 1983). The evidence in this case showed that the victim was taken by surprise, in that she did not cry out and awaken the children who were asleep in the house. The beating was inflicted with a tire tool, not something you would have expected to find at hand in the victim's kitchen. The beating was so severe that pieces of the victim's skull and brain matter were left behind at the scene when she was transported to the hospital. Such evidence could not by any stretch of imagination support a finding of manslaughter in the first degree. Nothing indicates that the crime was committed in the heat of passion or that death was not the intended result. No error was committed by the trial court's failure to instruct the jury on first degree manslaughter, and this assignment must fail.

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Tulsa County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

The majority opinion states at page two (2) that "all of the evidence establishing appellant's guilt is circumstantial," but then applies the standard of *Spuehler v. State*, 709 P.2d 202, 203–04 (Okla.Crim. App.1985), to appellant's claim that the evidence was insufficient. When the evidence against an accused is wholly circumstantial, considering the evidence and inferenc-

es therefrom in the light most favorable to the State, it must be inconsistent with any reasonable hypothesis other than the defendant's guilt. *Smith v. State*, 695 P.2d 1360, 1362 (Okla.Crim.App.1985). Circumstantial evidence need not exclude every conceivable hypothesis or negate any possibility other than guilt. *D.R.R. v. State*, 734 P.2d 310, 311 (Okla.Crim.App.1987). Applying the "reasonable hypothesis" standard, I find the evidence sufficient to support the jury's verdict and, therefore, I concur.