**Ernest Preston SHORT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-79-355.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1981.

Don Ed Payne, Hugo, for appellant.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., Eric Bret Zwiebel, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

On August 6, 1978, the appellant fatally shot his girlfriend in a tavern parking lot. The shooting occurred when the appellant unsuccessfully attempted to pull the female victim from the van of Jerry Conterez. At that point, he pulled a gun and shot the victim twice. The appellant was convicted of Murder in the First Degree and sentenced to life imprisonment, in McCurtain County District Court Case No. CRF–78–151.

### I

The relevant portion of 21 O.S.Supp.1980, § 701.7(A) provides:

"A person commits murder in the first degree when he unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is mani-

fested by external circumstances capable of proof."

Urging that the information was fatally defective, the appellant claims it failed to allege facts amounting to the "external circumstances capable of proof" by which the element of malice is demonstrated.[1] The appellant relies on *City of Tulsa v. Haley*, 554 P.2d 102 (Okl.Cr.1976), for the holding that following a plea of not guilty, an objection that the information failed to state a public offense may be raised for the first time on appeal.

We observe that there was not filed a motion to quash or demurrer to the information. Generally, when a defendant pleads to an information and proceeds to trial, he waives his right to attack the sufficiency of the information on appeal. *Bryne v. State*, 620 P.2d 1328 (Okl.Cr.1980); *Laughton v. State*, 558 P.2d 1171 (Okl.Cr. 1977). The ruling relied on in *City of Tulsa v. Haley, supra*, authorized an objection to an inadequate information on appeal only when the information failed to state what specific acts constituted the crime. This allows a defendant to know what acts he must be prepared to meet in the prosecution of the case and defend against in any subsequent prosecution for the same offense. *Chandler v. State*, 96 Okl.Cr. 344, 255 P.2d 299 (1953). In the present case, we find the information was sufficient to meet these standards.

As was stated in *Adams v. U.S.*, 375 F.2d 635 (10th Cir.), *cert. denied*, 389 U.S. 880, 88 S.Ct. 117, 19 L.Ed.2d 173 (1967), the test of sufficiency of an indictment is not whether it could have been made more definite or certain, but whether it contained the elements of the offense. This must be de-

---

1. The Information provided:

   "That at and within the County of McCurtain, State of Oklahoma, on or about the *6th* day of *August, 1978, Ernest Preston Short* then and there being, did then and there willfully and unlawfully commit the offense of *Murder in First Degree (21–701.7)* in the manner and form as follows: to-wit: that is to say that the said defendant then and there being, with malice aforthought, [sic] did unlawfully, wilfully, [sic] and feloniously, with-

   out authority of law, effect the death of Vicki Marie Brown, by shooting her with a certain gun, to-wit: .25 automatic pistol, then and there and thereby inflicting certain mortal wounds in the body of said Vicki Marie Brown, from which mortal wounds in the body of said Vicki Marie Brown, from which mortal wounds the same Vicki Marie Brown did languish and die on the 6th day of August, 1978." (O.R. 1).

termined on the basis of practical rather than technical considerations; hair splitting is to be avoided. *U.S. v. Moore*, 556 F.2d 479 (10th Cir. 1977).

■ Applying this reasoning, we hold that the appellant was adequately advised in the information of the precise charge levied against him. This Court finds no merit to the appellant's argument that a new element of first degree murder was created by the Legislature with the enactment of 21 O.S.Supp.1980, § 701.7.

## II

■ Similarly, we find no merit to the appellant's contention that the court's instructions failed to carefully charge the jury as to the necessity of finding the existence of external circumstances from which malice can be determined.[2] We agree with the State that Instruction No. 6, providing that proof of deliberate intention can be found by the circumstances attending the offense and from the defendant's conduct, is the equivalent of "external circumstances."

2. The Court's Instruction No. 6 provided:

"You are instructed that the Statutes of the State provide:

"A person commits Murder In The First Degree when he unlawfully and with malice aforethought causes the death of another human being.

"Malice in its legal sense, is not necessarily ill will or hatred. 'Malice', as that term is used in this statute, is that deliberate intention unlawfully to take away the life of a human being which is proven to you by external circumstances capable of proof.

"The question of deliberate intention is a question of fact to be determined by the jury from all of the evidence like every other material fact in the case. The law does not require that a deliberate intention be proved only by direct and positive testimony. The existence of a deliberate intention, as well as its formation, are operations of the mind, as to which direct and positive testimony cannot always be obtained; therefore, the law recognizes that it may be proved by circumstantial evidence. It will be sufficient proof of such deliberate intention if the circumstances attending the homicide and the conduct of the accused convince you beyond a reasonable doubt of the existence of such deliberate intention at the time of the homicide.

The appellant further claims error in the court's instructions regarding proof of malice. This contention is premised on the assertion that the trial court failed to adequately define external circumstances as proposed in the appellant's requested instructions.[3]

Error is further predicated on the trial court's overruling of the appellant's objection to Instruction No. 6, *supra*, and Instruction No. 11A, which provided:

"You are instructed that the 'intent' with which an act is done being the mental state of the mind of the accused, direct and positive proof if [sic] intent is not necessary, but if you find an act was done, then the intent with which it was done is to be gathered and determined by you from all the facts and circumstances as the same have been established and shown by all the evidence adduced upon the trial of this case.

"In this connection, however, you are instructed that 'intent' is the gist of murder in the first degree and must be proved beyond a reasonable doubt."

"In this connection, you are further instructed that a deliberate intention unlawfully to take away the life of a human being, sufficient to constitute Murder in the First Degree, may be formed instantly before committing the act by which it is carried into execution."

3. The proposed instructions were:

INSTRUCTION NO. *4*

"External circumstances are those actual physical actions existing apart from the mind that show a deliberate design to effect death."

INSTRUCTION NO. *5*

"You are instructed that in a taking of life with malice aforethought, there must be certain physical actions apart from the Defendant's state of mind that showing a planning and designing of the death before the actual taking of the life.

"If you find that the Defendant's passion was such as to render the mind incapable of forming a premeditated design, you shall not convict the Defendant of Murder in the first degree."

INSTRUCTION NO. *7*

"External circumstances are those actual, physical actions existing apart from the mind which show that this Defendant planned or designed the death of the deceased before the actual taking of the life."

The appellant asserts that the instruction fails to adequately limit the jury to the conduct of the accused.

■ The State submits that § 701.7, *supra*, reference to external circumstances includes the totality of the circumstances in determining the existence of malice. We agree.

■ It is well settled that the instructions are left to the trial court's discretion. When considered as a whole they will not be interfered with if they fairly and accurately state the applicable law. When viewed in their entirety, we find that the trial court's instructions were sufficient. *Green v. State*, 611 P.2d 262 (Okl.Cr.1980).

### III

■ Because Instructions Nos. 7, 9 and 10 are the verbatim instructions of Manslaughter One approved by this Court in *Morgan v. State*, 536 P.2d 952 (Okl.Cr.1975), the appellant's argument that they incorrectly set forth elements of the offense is untenable.

### IV

One final issue concerns the sufficiency of the evidence. The appellant claims that the record is devoid of evidence of premeditation to support a First Degree Murder conviction. Because "premeditation" has been replaced with "malice aforethought" in the murder statute, this Court will assume that is what the appellant meant. Title 21 O.S.Supp.1976, § 701.7(a) amended the murder statute and defined malice as "that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof."

■ We have made a thorough review of the facts and relevant authority. The jury was properly instructed on both first degree murder and manslaughter. We hold that the circumstances were sufficient to support the finding of malice aforethought.

"Where, as here, there is competent evidence in the record from which the jury could reasonably conclude that the appel-

lant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, because it is the exclusive province of the jury to weigh the evidence and determine the facts."

See *Morris v. State*, 607 P.2d 1187 (Okl.Cr. 1980).

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.