Jorina WIRT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–81–236.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1983.

**342**

Warren H. Crane, Lawton, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Chief, Appellate Crim. Div., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was sentenced to serve thirty (30) days in the county jail upon her conviction in Comanche County District Court for Soliciting for Lewd and Immoral Acts. On appeal she asserts that the trial court erred when it failed to sustain her demurrer to the information. We find that the appellant's argument that the information was defective due to lack of specificity is meritorious and warrants reversal.

The information in pertinent part charged:

... on or about the 26th day of Jan. 1980 JORINA WIRT, a/k/a JORINA KELLY, a/k/a JORINA VALENTI then and there being, did then and there, wilfully, unlawfully, and wrongfully commit the crime of Soliciting for Lewd and Immoral Acts in manner and form as follows; that said JORINA WIRT did solicit one Bobby Carter to commit an act of lewdness with her, the said defendant, by then and there asking the said Bobby Carter to engage in lewd acts with her for hire, in violation of 21 OSA 1029, ...

To be adequate, an information must apprise the defendant of what acts he or she must be prepared to meet in the prosecution of the case and to defend against any subsequent prosecution for the same offense. *Short v. State,* 634 P.2d 755 (Okl.Cr.1981). Governing statutory authority requires that the information contain "[a] statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." 22 O.S.1981, § 401; See also 22 O.S.1981, § 409. Further, under Section 402 of the same title, the information must be direct and certain as it regards the "particular circumstances of the offense charged, when they are necessary to constitute a complete offense."

The underlying rationale is that a defendant, in view of his presumption of innocence, is entitled to know from the allegations of the information what facts, with reasonable particularity, the prosecution considers as sufficient to make him guilty of the offense charged. See *Clark v. State,* 65 Okl.Cr. 56, 82 P.2d 844 (1938).

In *Griffin v. State,* 357 P.2d 1040 (Okl.Cr. 1960), this Court criticized an information which failed to state facts sufficiently to apprise the accused of what acts or conduct on his part constituted an offense under 21 O.S.1981, § 1029. In considering the statute, under which the appellant today is charged, this Court stated:

It might be argued that the statute is so broad that an accused should be entitled to be advised as to the specific acts or words or conduct on his part that constituted indecent or lewd proposals. It might be said that only conclusions are set forth. 357 P.2d at 1043.

In *Griffin,* this Court held that the defect in the information, i.e. the lack of specificity, although indeed demurrable, had been waived. The pleading there merely informed the defendant that he wrongfully solicited an act of lewdness by making indecent proposals to a female. Such lack of specificity is paralleled by language of the information in the instant case which alleges the accused solicited for lewd and immoral acts by asking one Bobby Carter to engage in lewd acts with her for hire. This allegation fails to apprise the defendant of what particular acts or conduct gave rise to the charge.

The case of *Profit v. City of Tulsa*, 574 P.2d 1053 (Okl.Cr.1978), is illustrative of an information charging an offense under Section 1029 which is sufficient, in contrast to the one here. There the information specifically stated the act giving rise to the charge was "to-wit: drop pants and urinate with herself at number 11 West Haskell."

We are of the opinion that the information here stated conclusions and was not sufficiently specific to enable the appellant to prepare an adequate defense and to permit a future determination as to whether any subsequent charge brought against her would be barred for the same act.

The information being fatally defective, judgment and sentence must be REVERSED.

BRETT, J., concurs.

BUSSEY, P.J., dissents.