**Paul O'Dell DOTSON, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–251.**

Court of Criminal Appeals of Oklahoma.

July 7, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Paul O'Dell Dotson, was convicted in the District Court of Muskogee County of the crime of Burglary, Second Degree, After Former Conviction of Two or More Felonies in Case No. CRF–84–187 and was sentenced to twenty (20) years' imprisonment, and he appeals.

Briefly stated the facts are that on May 19, 1984, a silent alarm was triggered at a Ford dealership in Muskogee, Oklahoma. Shortly thereafter, the police arrived at the scene and found appellant and Frank Escalante inside a building on the premises. After appellant was arrested and read his *Miranda* rights, he was escorted to the police car. At that point, the owner of the dealership, Frank Davis, arrived and recognized appellant as one of his employees. Davis asked one of the officers if he could talk with appellant, and the officer granted him permission. The appellant told Davis that he knew he shouldn't have done it and that he was sorry. After further investigation the police officers found a broken windowpane that appeared to have been broken from the outside and a door with the windowpane shattered that led from the shop area into the parts area.

For his first assignment of error appellant asserts that the trial court committed fundamental error by failing to instruct the jury on the lesser included offenses of entering a building or structure with certain intent, malicious destruction of personal property, or trespass. The general rule is that where there is no evidence to support an instruction on a lesser included offense it is error for the court to submit the question of the lesser included offense to the jury. *Johnson v. State*, 632 P.2d 1231 (Okl.Cr.1981). In *Collums v. State*, 654 P.2d 1070 (Okl.Cr.1982), we held that "the critical distinction between the crime of entering a building or structure with certain intent, and the crime of burglary is whether the entry into the building was

effectuated through a breaking or forcible entry."

In the instant case, the State presented uncontroverted circumstantial evidence that appellant gained entrance into the premises through a breaking. *See Luker v. State,* 552 P.2d 715 (Okl.Cr.1976). The offense of second degree burglary was overwhelmingly established, and there was no evidence to support an instruction on a lesser included offense. This assignment of error lacks merit.

Appellant next contends that the trial court erred by admitting into evidence statements taken in violation of his *Miranda* rights. He argues that his confession to his employer, Mr. Davis, while handcuffed in a patrol car, was custodial interrogation and was given before he was read the *Miranda* warnings. We disagree. The appellant voluntarily confessed to his employer and apologized for burglarizing the premises. We are of the opinion that these statements were voluntary and that the conversation between Mr. Davis and appellant did not constitute custodial interrogation. Moreover, the evidence at trial indicates that *Miranda* warnings were given to appellant prior to his conversation with Mr. Davis. Accordingly, we find no error.

In his third assignment of error appellant contends that the trial court erred in refusing to grant him a mistrial because his co-defendant was granted a mistrial. He argues that the trial court's granting of co-defendant's motion for mistrial had a prejudicial effect on the jury. However, the trial court instructed the jury as follows:

> I have granted the defendants a severance, which means that they are to be prosecuted separately instead of together. The only case for your consideration is that against Paul O'Dell Dotson, and the case against Mr. Escalante will be determined by another jury at another time. You are not to consider yourself with the guilt or innocence of Frank Escalante, but only that of Paul O'Dell Dotson.

We are of the opinion that this instruction cured any prejudice which might have occurred to appellant. This assignment is groundless.

As his fourth assignment of error appellant alleges that the trial court erred in submitting instruction number seven [1] to the jury which is an instruction defining the meaning of the term "voluntary admission." We have reviewed this instruction and find that it fairly and accurately states the applicable law. *Liles v. State,* 702 P.2d

---

1. A "voluntary admission" is a statement, freely and knowingly made by a person to any person, which may be intended as exculpatory or may tend to connect a person to the commission of an offense. The fact that an admission was made while the person was under arrest or in custody will not be sufficient to exclude that admission as evidence or to prevent you from considering the admission. However, the fact of arrest or custody will be considered with the other facts and circumstances in evidence in determining whether or not the admission was made freely and voluntarily.

   An admission is freely and voluntarily made when, after being informed by the police officers that he has a right to consult with a lawyer and to have the lawyer with him during the questioning; that he has a right to remain silent; and that any statement made by him can be used in evidence against him, an accused, with full understanding of his rights and the nature and consequences of his statements, freely and voluntarily makes a statement which may tend to show his in-

   volvement with the alleged crime or to reveal details of it.

   The State has offered evidence that an admission was made by the defendant while under arrest or in custody to Frank Davis and Stephen Cantrell on May 19, 1984. An admission by one in custody and charged with an offense should be carefully scrutinized and received with great caution. If you find that the defendant, while in custody or under arrest, made the alleged admission and made it freely and voluntarily within the rules of law set forth above, you may taken [sic] it into consideration with all the other facts in evidence and give it whatever weight and credit you find it deserves. However, if you find that the defendant was not informed or warned as stated above; or that the admission was induced by a promise of immunity or a lesser punishment than might otherwise be inflicted; or that the admission was made under threat of violence or force, you should disregard the admission in arriving at your verdict.

1025 (Okl.Cr.1985). This assignment of error is without merit.

 Appellant finally urges that the trial court erred in admitting a hammer into evidence which was found just inside an open door at the Ford dealership on the night of the incident. He argues that the hammer was incompetent, irrelevant, immaterial and had no connection to appellant in that it was not found near the broken window. We disagree.

The hammer was found at the scene of the burglary near a doorway and there were no other tools in the immediate area. The evidence at trial also showed that appellant was found inside the building and that a broken window and a broken pane were also discovered. Clearly, the hammer had probative value, and the trial court did not abuse its discretion in admitting it for the jury to consider whether in fact the hammer was used to break the windows. *Haury v. State*, 533 P.2d 991 (Okl.Cr.1975).

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.