**Michael CHILDS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–414.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1987.

Lisbeth L. McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BUSSEY, Judge:

The appellant, Michael Childs, was tried and convicted in the District Court of Oklahoma County for the crime of Child Beating in Case No. CRF–84–2490 and was sentenced to one (1) year imprisonment, and he appeals.

■ For his first assignment of error appellant asserts that the evidence presented at trial was insufficient to support his conviction. The evidence at trial reveals

**568**

that on May 11, 1984, Natalie Bruner, appellant's common-law wife, brought her infant daughter, Monet Bruner, to the office of Dr. Vajaya Malpani in Oklahoma City, Oklahoma. Dr. Malpani observed that the three (3) month old infant had a bruise on her right eye, a yeast infection in her mouth, no movement in her right hand, and that she cried when he touched on her right arm. When Dr. Malpani asked the mother how this injury occurred, she said that she had no idea. Dr. Malpani suspected that the injuries were the result of child abuse, so he called the Child Welfare Division of the Department of Human Services. Subsequently, Carol Rightmire, a caseworker, accompanied the infant and Ms. Bruner to the Oklahoma Memorial Hospital where Dr. Katherine Slaine examined the infant. The X-rays that were taken revealed a spiral fracture of the upper arm, fractures of the skull, and some fractured ribs. Dr. Slaine testified at trial that the arm fracture was less than two (2) weeks old. She was unable to estimate the date of the skull fractures, but stated that the fractures were not yet healed. Dr. Slaine testified that in her opinion the arm fracture was caused by child abuse.

Dr. Deborah Mitchell, the radiologist who performed the X-rays on Monet, testified that the arm fracture occurred within seven (7) to (10) days before the X-ray; that the skull fractures were one (1) to three (3) weeks old; and that the ribs were broken from seven (7)—fourteen (14) days prior to the X-rays.

The appellant came to the hospital where the X-rays were being taken, and he and Ms. Bruner told Ms. Rightmire that the family had been in a rear-end collision on March 21, 1984, approximately seven (7) weeks before. However, Dr. Gary Ratliff, the emergency room physician on duty, on March 21, 1984, examined Monet and found none of the injuries which were later found on May 11, 1984. Ms. Bruner and appellant also said that on May 5 or 6, 1984, Monet fell off of the couch and hit her head on the coffee table, brusing her eye.

Veiwing this evidence in the light most favorable to the State, we are of the opinion that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). This assignment is groundless.

Appellant next contends that the trial court erred by failing to define the elements of Child Beating. We first note that, although appellant did object to the instructions given, he failed to submit requested instructions; thus, this assignment was waived. *Frazier v. State*, 706 P.2d 165 (Okl.Cr.1985). Furthermore, instruction number four (4) properly apprised the jury of the elements of the crime, and the instructions when considered in their entirety generally cover the matter of inquiry. *Maghe v. State*, 620 P.2d 433 (Okl. Cr.1980). We find no error.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.