Belvin Thomas POPLIN, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–86–47.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1988.

As Corrected Sept. 20, 1988.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Belvin Thomas Poplin, Jr., was convicted of the crime of Reckless Driving in violation of 47 O.S.1981, § 11–901 in the District Court of Carter County, Case No. CRM–85–421, and was fined two hundred and fifty ($250.00) dollars. From this judgment and fine the appellant brings this appeal.

On August 14, 1985, the appellant was involved in a domestic argument and fight with his girlfriend and her in-laws. Subsequently, the appellant left the area in his pickup truck. At some point prior to this, witnesses had summoned the local police. As the police were arriving, the appellant hastily left the area and narrowly avoided a collision. The police officers engaged their emergency equipment and chased the appellant. The officers were unable to overtake the appellant, and later they estimated his speed to have been between 80 and 85 miles per hour. The speed limit on the road where the officers chased the appellant is 45 miles per hour.

In his first proposition the appellant claims that the trial court erred in denying his request for a continuance. The appellant bases this assignment on the fact that his court appointed counsel was not appointed in time to properly prepare a de-

fense. From the record before us it appears that the appellant was originally represented by private counsel on August 15, 1985, at his Initial Arraignment. The appellant again appeared in court on August 27, 1985, but he was without counsel. The record reflects that the appellant was advised of his right to counsel, but refused appointment of counsel by the court. A trial date was set for September 27, 1985. Though the appellant was aware of the trial date and he had been informed of his right to counsel, he did not make a request for court appointed counsel until September 13, 1985. On that same day the trial court appointed counsel for the appellant.

We note that it was the appellant who, after being informed of his right to counsel, allowed more than two weeks to elapse before requesting court appointed counsel. After a careful review of the entire record we find that the appellant was competently represented by counsel at trial. As we have held previously, a motion for a continuance in a criminal case is addressed to the sound discretion of the trial court, and its decision will not be disturbed absent a clear abuse of discretion. *Henegar v. State*, 700 P.2d 659 (Okl.Cr.1985). We find no error.

In his second assignment of error the appellant claims that the Information filed against him was defective. The Indictment or Information must contain: "A statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." 22 O.S.1981, § 401(2). Any person who drives a motor vehicle in a careless manner without regard for the safety of persons or property shall be guilty of reckless driving. 47 O.S.1981, § 11–901. It appears from the record that the Information presented by the prosecution was sufficient to enable a person of common understanding to know what is intended. The Information concisely informed the appellant of the charges and facts. We find this assignment of error to be without merit.

The appellant, in his third assignment of error, claims the trial court erred

by refusing his requested instruction. At trial the appellant testified concerning a charge of Assault and Battery. A written proposed instruction was submitted asking that the jury be given Oklahoma Uniform Jury Instruction—Criminal (1981), OUJI–CR 845 which requires the trial court to give an instruction admonishing the jury that no adverse inference could be drawn from the appellant's failure to testify on the reckless driving charge. The trial court refused to give the instruction. The trial court stated that its reason for such refusal was that the appellant limited the scope of cross-examination by limiting his own direct examination. As such, the appellant exercised a procedural right to not address the reckless driving charge, and as such, the appellant did not lose any due process right by not having the instruction given. In support of his contention the appellant relies upon *Carter v. Kentucky*, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981).

We find this case persuasive as it relates to Fifth Amendment guarantees against self incrimination. However, it seems clear from the record before us that the trial court was equally concerned with the Fifth Amendment rights of the appellant. We have made a careful review of the record before us and find that no prejudice was caused by the failure to give the requested instruction. Error, if any, is harmless and does not require reversal. This assignment is groundless.

■ In his final assignment the appellant urges that the trial court erred by allowing evidence of other crimes to be introduced against him. The appellant complains that the evidence of Reckless Driving when the police first encountered him more than two miles away from the scene of the arrest was evidence of other crimes. As such, the appellant contends, under the standards set forth in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), the evidence would not be admissible. We disagree. As we have held previously, where the offense sought to be proved forms a part of the entire transaction, evidence of the latter may be given to show the charac-

ter of the former. *Doser v. State*, 88 Okl.Cr. 299, 203 P.2d 451 (1949); *Miles v. State*, 554 P.2d 1200 (Okl.Cr.1976).

It is clear from the record that the occurrences were part of the same transaction which included the events comprising the reckless driving charge. We find the appellant's final assignment of error to be without merit.

The judgment and fine are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

In his second assignment of error, appellant contends the Information charging him with reckless driving was fatally defective. I agree. He was initially charged with "Reckless Driving" in a written citation issued on August 14, 1985, denominated an "Oklahoma Uniform Violations Complaint." (O.R. 3) On September 16, 1985, defense counsel filed a demurrer to the Information asserting in relevant part: "The Information does not clearly and distinctly set forth what act, or acts, defendant is charged with having committed which would enable a person of common understanding to know what is intended, and ... fails to allege facts, setting forth and alleging conclusions only." (O.R. 7) At trial, the State substituted the traffic citation with an Information charging the crime of reckless driving in the statutory language of Title 47 O.S.1981, § 11–901(a), and Title 47 O.S.1981, § 11–801(a). Defense counsel's timely demurrer was overruled.

An information "must contain ... [a] statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended." 22 O.S.1981, § 401. It "must be direct and certain as it regards ... [t]he particular circumstances of the offense charged....." 22 O.S.1981, § 402. An accused "is entitled to know from the allegations of the information what facts, with reasonable particularity, the prosecution considers as sufficient to make him guilty of the offense charged." *Wirt v. State*,

659 P.2d 341, 342 (Okla.Crim.App.1983). Here, the Information merely stated conclusions, failed to apprise appellant of what particular acts or conduct gave rise to the charge of reckless driving, and thus was not sufficiently specific to enable appellant to prepare an adequate defense.

*Id.* at 342–43. Accordingly, I would reverse with instructions to sustain the demurrer to the Information.