**Robert C. CAPALDI, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. M–85–650.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1988.

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Robert C. Capaldi, was convicted in the District Court of Tulsa County, Case No. CRM–84–1413, of the crime of Failure to Report Injury to a Minor Child. He was fined $250.00. From his conviction and sentence, he brings this appeal.

The facts disclosed by the record reveal that appellant was employed as a licensed practial nurse (LPN) at Hissom Memorial Center (Hissom). Hissom was a facility operated by the Department of Human Services (DHS) for the benefit of mentally retarded persons in need of special care, assistance, and training. On the morning of June 17, 1984, appellant physically examined a student prior to releasing him to his mother for a Sunday afternoon visit. The mother noticed extensive bruises on her child that afternoon and took him to the hospital. Emergency room employees reported the injuries to the Tulsa County Office of the Department of Human Services. No other report of those injuries was filed in that office either before or after the one filed by the hospital.

In his first assignment of error, appellant asserts that his conviction was based on insufficient evidence, and must therefore be reversed. If, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt, then this Court will not disturb the verdict for insufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Spuehler v. State* 709 P.2d 202 (Okl.Cr.1985).

Appellant correctly asserts that an essential element of the crime is that he must have had reason to believe that the child suffered nonaccidental injuries resulting from physical abuse or neglect. *See* 21 O.S.1981, § 846. "Abuse and neglect" as used in Section 846 is defined in Section 845 as:

harm or threatened harm to a child's health or welfare by a person responsible for the child's health or welfare. Harm or threatened harm to a child's health or welfare can occur through: ... negligent treatment or maltreatment, including the failure to provide adequate food, clothing, or shelter.

Appellant then claims the State must prove that the bruises on the child were actually inflicted by a person responsible for the child and prove that the defendant knew who that person was. This claim does not follow from the statute and is unsupported by authority. Such an interpretation ignores the words "reason to believe", "neglect", negligent," and the phrase "failure to provide adequate food, clothing, or shelter." It also disregards the nonexclusive language in the statutory definition. Clearly a child in the custody of a State facility is harmed by neglect if the facility fails to provide adequate supervision to protect him from beatings, regardless of whether the beating is administered by another child or by a staff member. Knowledge of the person actually abusing the child is not always necessary. In this case, it is sufficient that appellant observed the severity of the injuries, was aware that the child was in the exclusive custody of Hissom Memorial Center, and knew by his observations that the bruises could not have resulted from accident. This provided reason to believe that harm had resulted due to neglect, if not abuse, by a person responsible for the child's welfare, and thus the element is satisfied.

Appellant also contends that the State failed to prove that his failure to report was willful or knowing. He relies upon *Tarver v. State*, 651 P.2d 1332 (Okl.Cr. 1982); *Tarver* notes that we have construed "willfully" and "knowingly" as equivalents, and quotes 21 O.S.1981, § 92:

The term *"willfully" when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the* act or *omission referred to. It does not require*

*any intent to violate law,* or to injure another, or to acquire any advantage. (Emphasis added.)

■ By his own testimony, appellant intended to make no report outside Hissom Memorial Center. The statute requires otherwise. Hissom's policy to keep all reports within the Center does not make appellant's omission any less unlawful. The evidence at trial demonstrated that 1) appellant had reason to believe that the student had suffered nonaccidental injury resulting from neglect, and 2) appellant willfully failed to report the injuries to the Tulsa County office of the Department of Human Services. Accordingly, his first assignment of error must fail.

■ In his second assignment, appellant claims that fundamental error requiring reversal occurred when the trial court failed to set forth and define the elements of the offense in its instructions to the jury. We note that no instructions of this nature were requested, and that the instruction used generally followed the statutory language. To support his assignment, appellant relies upon *Maple v. State,* 662 P.2d 315 (Okl.Cr.1983). In *Maple,* the trial court read the State's Information to instruct the jury on the elements of the crime charged. That was held to be an inadequate instruction. A case more analogous to this one is *Blozy v. State,* 557 P.2d 451 (Okl.Cr.1976). In that case, this Court repeated its consistent position that "an instruction is sufficient when given in the substantial language of the statutes." *Id.* at 456. The instruction in this case fairly and accurately stated the applicable law, *Dotson v. State,* 739 P.2d 538 (Okl.Cr. 1987), and the issue was waived by appellant's failure to submit instructions. *Childs v. State,* 744 P.2d 567 (Okl.Cr.1987). Accordingly, this assignment of error must fail.

■ In his third assignment, appellant seeks vacation or reduction of his fine because he is indigent. We have vacated or reduced fines in some cases, but we have done so only where justice would best be served. *Roth v. State,* 714 P.2d 216 (Okl. Cr.1986). The record in this case reflects appellant's difficulty in finding employment, but also shows his ownership of two cars, some small amount of savings and an income (source not in the record) of $900.00 per month. We find no reference to persons dependent upon appellant for support. Under these circumstances, we find no justification for modification, and we affirm the fine.

■ In his fourth assignment, appellant complains that the trial court improperly excluded testimony as inadmissible hearsay. At trial, appellant sought to testify that he had been told to report injuries to the children to the superintendent at Hissom. He claims that the testimony was offered to show that the statement was made, and not to prove the truth of the matter asserted. *See* 12 O.S.1981, § 2801(3). Regardless of our resolution of that issue, error in exclusion of the testimony could not possibly amount to more than harmless error. The information had already been elicited from two other defense witnesses without objection by the State, and defense counsel effectively incorporated that testimony into closing argument, again without objection by the State. Appellant could not have been prejudiced in any substantial right, and this assignment must fail.

■ Appellant next seeks reversal claiming that he was the victim of impermissible selective prosecution. He concedes that he bears the burden of showing that he was singled out for prosecution from a group of persons similarly situated, and that the decision to prosecute was based on impermissible grounds such as race, religion, legitimate exercise of constitutional rights, or some other arbitrary classification. He then fails to make so much as an attempt to define the class of which he is supposedly a member or the rights he is being discouraged from exercising. The assignment is without any foundation and must fail.

■ He next complains that the Information was fatally defective. We note first that defects in the charge are waived by appellant's entry of a plea without a

motion to quash. *Short v. State*, 634 P.2d 755 (Okl.Cr.1981). Furthermore, as in *Short*, "the appellant was adequately advised in the Information of the precise charge levied against him." *Id.* at 758. The assignment is without merit and must fail.

■ Finally, appellant seeks reversal due to admission of photographs of the injured child. The photos were taken at the hospital in the afternoon on the day appellant had examined the child. Appellant's co-workers all stated that the bruises in the pictures were not present during the appellant's morning examination. However, the examining physician from the hospital testified that the bruises were several days old, and that their appearance would have been substantially the same as in the pictures for the preceding 24 hour period.

Admission of photographic evidence is a matter left to the sound discretion of the trial court. *Johnson v. State*, 675 P.2d 438 (Okl.Cr.1984). The pictures were clearly relevant to show the bruises on the child on the morning in question when coupled with the hospital doctor's expert opinion of the age and appearance of the bruises. Appellant asserts that the doctor's opinion was "effectively demolished" by the eyewitness testimony, though, rendering the pictures irrelevant. If eyewitness accounts were dispositive of the facts appellant would be correct. However, in our system of justice, the question of credibility of the witnesses is left to the trier of fact. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980). The eyewitnesses in this case were all under the same obligation to report the injuries to the child. They were all subject to the same criminal liability for failure to report. They all admitted that they were friends with the appellant. Their credibility in the eyes of a jury could certainly be called into question. The trial court did not abuse its discretion in permitting the State to introduce the pictures through the testimony of the doctor. We do not find that the probative value was substantially outweighed by the danger of unfair prejudice, 12 O.S.1981, § 2403, and this assignment must fail.

Finding no grounds for reversal or modification, the judgment and sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., dissents.