Coy Arthur HILL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A-17658.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

Paul D. Brunton, Public Defender, Tulsa County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court of Tulsa County, Case No. CRF–71–2132 appellant, Coy Arthur Hill, hereinafter referred to as defendant, appeared in open court with the record clearly showing defendant freely and voluntarily waived his right to jury trial. Upon stipulation of counsel and the defendant, it was agreed the trial court should review the evidence presented at the preliminary hearing and make a determination as to defendant's guilt or innocence for the offenses as charged. Upon the trial court's perusal of the record made at preliminary hearing, defendant was found guilty for the offenses of both Kidnapping and Robbery with Firearms. The court assessed two concurrent fifteen (15) year sentences for these offenses and defendant's punishment was so fixed. From that judgment and sentence defendant has perfected a timely appeal to this Court.

At preliminary Tom Magnus testified that at approximately 3:00 p.m. on November 17, 1971, he met defendant and a person, whom he could not identify by name at the "Taint Much Club." Together the unidentified person drove him and defendant to the Brookside Bowling Alley where they were going to try to sell a shotgun and a .22 caliber rifle contained in the trunk of the car in which they were riding. Magnus and the driver walked into the bowling alley. After approximately five or ten minutes they returned to the car, found the rear seat removed from the car, and the guns missing from the trunk. Magnus and the unnamed driver drove to 46th and Detroit where they observed defendant walking along the street carrying the two guns. As they drove closer to defendant, they observed him point the guns in their direction, they stopped the car, ducked and backed to the intersection at the end of the block.

Henry DeShazer testified that at approximately 3:30 p. m. on the above date he was working on the lawn at his residence located at 267 46th Street, Tulsa, Oklahoma. While loading tree limbs in a trailer, he observed defendant, clad in a pair of Levi's and a torn T-shirt, standing next to the street next to his parked car, pointing a rifle and a shotgun at the occupants of a white Plymouth, cussing and screaming at them as they backed down the street. DeShazer further testified that he met defendant on the street; that defendant requested a ride downtown; that he refused to give him a ride; and that defendant raised the gun and stated he was going to take him downtown. Defendant forced DeShazer into the car at gunpoint and held a pair of brass knuckles to DeShazer's head as they drove to the center of town. While they were driving, defendant warned DeShazer that if he committed a traffic violation which caused them to get stopped by the police, he would kill him. As they were driving down Riverside Drive, defendant asked DeShazer if he had money. DeShazer gave defendant his money with defendant returning it to him. Defendant instructed DeShazer to drive to an alley between Denver and Cheyenne adjacent to 2nd Street. The car

was stopped, defendant again requested DeShazer to give him his money with DeShazer delivering approximately twenty-seven dollars ($27.00) to him. Defendant stepped from the vehicle, threatening DeShazer and his family if he notified the police. DeShazer drove away with defendant falling from the car to the pavement.

Defense counsel in his first proposition argues defendant was twice placed in jeopardy by being convicted for two offenses in a conjoint hearing. It is defense counsel's contention the offense of Robbery and Kidnapping were such an integral part of the same transaction that both offenses merged. Defense counsel relies heavily on Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1969), an opinion readily distinguishable from the instant case. In *Ashe*, supra, the factual circumstance in which the *Ashe* rule is framed involves a prosecution for two simultaneous armed robberies of two separate individuals, both arising in the same transaction. The prosecution of the first armed robbery culminated in an acquittal of defendant. The second prosecution culminated in a conviction with the jury imposing a thirty-five (35) year sentence. In Ashe, supra, the Supreme Court of the United States applied the rule of collateral estoppel which they defined as follows:

" 'Collateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

■ In construing the above general rule, the Court made the following statement:

"The single rationally conceivable issue in dispute before the jury was whether the petitioner had been one of the robbers. And the jury by its verdict found that he had not. The federal rule of law, therefore, would make a second prosecution for the robbery of Roberts wholly impermissible."

It is this Court's opinion the *Ashe* rule is limited to an application of collateral estoppel to the circumstance wherein the accused is acquitted in a prior prosecution for an offense arising out of the same transaction. The jury's determination of defendant's innocence estops the State from pursuing a prosecution for the same identical offense committed against another victim. This conclusion is supported by the following language from *Ashe*, supra:

"The question is not whether Missouri could validly charge the petitioner with six separate offenses for the robbery of the six poker players. It is not whether he could have received a total of six punishments if he had been convicted in a single trial of robbing the six victims. It is simply whether, after a jury determined by its verdict that the petitioner was not one of the robbers, the State could constitutionally hale him before a new jury to litigate that issue again."

In reviewing the above statements and language from *Ashe*, supra, it is this Court's opinion *Ashe* is not applicable to the case at bench.

■ In approaching the issue of double jeopardy, we observe the framers of the Oklahoma and United States Constitutions, when imposing the prohibition of placing a person twice in jeopardy, clearly intended the person to be protected from being prosecuted repeatedly for the same offense until a conviction was obtained. It was not intended as a method of carte blanche extending to the accused the prerogative of committing as many offenses as he desired within the same transaction with the protective shield of permitting only one prosecution to arise and be pursued from that transaction. To permit such procedural prohibitions would indeed be contra the general concept that the penal statutes are imposed with the intent of deterring criminal offenses. Tucker v. State, Okl.Cr., 481 P.2d 167. The fact the above crimes were committed in rapid succession does not ne-

gate the fact that separate offenses were committed. Kupiec v. State, Okl.Cr., 493 P.2d 444.

 As a general statement of the Oklahoma law regarding constitutional prohibition of twice placing the accused in jeopardy, we observe two fundamental elements. First, there must be successive subjection to jeopardy. Second, in each instance the offense must be one in the same. The second prosecution must be for the identical act and crime both in law and fact for which the first prosecution was instituted. In determining the identity of the offense, one act may constitute several offenses. Unless the offense, in its entirety, is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other.

The offenses of Kidnapping and Armed Robbery are not identical acts and crimes both in law and fact. For that reason defendant was not twice placed in jeopardy nor punished twice for one offense. Further, both offenses being conjointly prosecuted, defendant could in no way be considered to have been abused by the criminal process. For the above reasons, we find defense counsel's first proposition to be without merit.

In defense counsel's second proposition, he contends the punishment imposed for the offense of Kidnapping is excessive. We agree with defense counsel's contention. Defendant's prosecution for the offense of Kidnapping was pursued under authority of 21 O.S.1971, § 741. The maximum penalty which may be imposed under that section of the code is ten (10) years. The trial court assessed the penalty of fifteen (15) years for the above offense to run concurrently with the Armed Robbery conviction. Since the penalty imposed for this offense is in excess of the maximum penalty provided by law, the judgment and sentence for the offense of Kidnapping will be modified to a term of ten 10 years to run concurrently with the Armed Robbery conviction. The judgment and sentence is modified and affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part, dissents in part.

BRETT, Judge (concurs in part, dissents in part):

I concur that the fifteen year sentence for Armed Robbery is valid, but I dissent to the conviction for two offenses. Therefore, I dissent to the Kidnapping conviction.