Max Edward BESHEARS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–11.

Court of Criminal Appeals of Oklahoma.

July 2, 1987.

Tony Jack Lyons, Lyons & Lyons, Pryor, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Max Edward Beshears, appellant, was tried by jury and convicted of three counts of First Degree Rape in violation of 21 O.S.1981, § 1114, in Washita County District Court, Case No. CRF–84–9, before the Honorable Paul Braun. The jury set punishment at five (5) years on each count. Judgment and sentence was imposed in accordance with the jury's verdict, the sentences to run consecutively. We affirm.

Briefly stated, the facts are that on September 15, 1983, while the appellant's wife was hospitalized for a ruptured spinal disk, the appellant locked his six-year-old adopted son out of the house and ordered his ten-year-old adopted daughter to go to her parent's bedroom, lie on the bed and undress. After the daughter complied with the appellant's instructions, he undressed, climbed into bed and had sexual relations with the child. The daughter testified at trial that the appellant spread her legs apart, put his "pecker" into her "pooky," and went up and down for three or four minutes while she screamed with pain, and after the appellant let her up, she went to the bathroom to wipe wet, slimy, white stuff from between her legs, her "pooky" and the lower part of her abdomen. The appellant warned the child that if she ever told anyone about what happened, he would take her and she would never see her mother again.

The appellant again had sexual relations with his daughter on September 17, 1983, while the mother was still in the hospital, and on January 5, 1984, while the mother was at work, each time telling his son to stay in another part of the house.

On Valentine's day, February 14, 1984, the daughter informed her mother of the sexual attacks which had occurred in September, and was taken by her mother the next day to be examined by two physicians. The first physician was unable to thoroughly examine the child internally because "she was just kicking and fighting and hollering," and he "cut the examination short." This physician was unable to observe any damage to the child's hymen. The second physician was able to calm the child sufficiently later that day to thoroughly examine her and reported that her hymen was one-third broken and that she had a vaginal infection consistent with sexual activity. The mother shortly thereafter reported the attacks to the Washita County District Attorney.

For his first assignment of error, the appellant asserts that the trial court erred by allowing the mother to testify to hearsay statements made by the prosecutrix to her.

■ The appellant timely objected to the introduction of this hearsay when the mother recounted what her daughter said about the appellant sticking his "pecker" into her "pooky." The objection was overruled. A majority of this Court has held in a similar situation that when such hearsay is erroneously admitted, the error does not call for reversal where the hearsay is merely cumulative and the mother and the child are both present at trial and available for cross-examination concerning the state-

ments made by the child to the mother. *Beavers v. State,* 709 P.2d 702, 705 (Okl.Cr. 1985). *See also, Drennon v. State,* 581 P.2d 901, 903 (Okl.Cr.1978), *cert. denied,* 439 U.S. 1004, 99 S.Ct. 617, 58 L.Ed.2d 681 (1978). *Soap v. State,* 562 P.2d 889, 893 (Okl.Cr.1977). While this writer dissented to the *Beavers* decision, and would strongly urge the Court to reconsider its prior position, I am bound by *stare decisis* on this issue. Accordingly, this assignment of error is without merit.

■ For his second assignment of error, the appellant asserts that the verdict was contrary to law and was not supported by the evidence because the verdict was rendered upon the uncorroborated testimony of the prosecutrix, and because the court failed to instruct the jury on this point. However, the record shows that the testimony of the child-prosecutrix was lucid, clear, and devoid of ambiguity. *Soap, supra,* at 892. In a charge of rape, "the conviction may be sustained upon the uncorroborated evidence of the prosecuting witness, unless such testimony appears incredible and so unsubstantial as to make it unworthy of belief." *Lucero v. State,* 717 P.2d 605, 606 (Okl.Cr.1986), quoting *Moore v. State,* 501 P.2d 529, 532 (Okl.Cr.1972) and *Cole v. State,* 84 Okl.Cr. 76, 179 P.2d 176, 178 (1947).

> [T]he record of the case will be carefully examined to determine whether the evidence of the prosecutrix is clear and believable and is not inconsistent, incredible or contradictory. If the evidence is such that a jury would be justified in their conclusion, and if the verdict is based upon probable testimony, then this Court will recognize the exclusive province of the jury to weigh the evidence and determine the facts and will not interfere with the jury's verdict, though there may be a sharp conflict in the evidence.

*Holding v. State,* 568 P.2d 332, 334 (Okl.Cr. 1977). In reviewing the examination, cross-examination, and redirect examination of the witness, we find that her memory and veracity were thoroughly tested.

Her testimony was not inconsistent, incredible or contradictory. We will not, therefore, interfere with the jury's verdict. The appellant's second assignment of error is without merit.

■ For his third assignment of error, the appellant asserts that the trial court erred in permitting the State to call a witness for the purpose of impeaching the appellant upon a collateral issue. The appellant testified that he previously worked for his first wife's father-in-law and that he quit the job because of a lack of work. The State called the former father-in-law as a rebuttal witness, who testified that the appellant was fired and that there was "plenty of work" at the time he discharged the appellant.

In an in camera hearing, the State sought to introduce this rebuttal witness for the purpose of showing that the appellant was fired because he molested the witness's daughter. Appellant's counsel objected on the grounds that the witness would be introducing hearsay, that the introduction of the evidence would be prejudicial and should be excluded under 12 O.S. 1981, § 2403, and that the appellant had never been arrested or charged with the alleged prior offense. The court permitted the rebuttal witness to testify for the purpose of showing that the appellant had been fired, contrary to the appellant's own testimony that he quit the job and had opened up the issue of his previous employment, but refused to permit any testimony concerning alleged prior sexual misconduct. In open court, the rebuttal witness only testified that the appellant had been fired from his job.

On direct examination, the appellant had testified concerning his work history. On cross, the State questioned the circumstances surrounding the appellant's leaving the employment of his former father-in-law, to which the appellant replied that he quit because of a lack of work. In doing so, he opened the door to the prosecution to contradict or rebut that testimony. *Chase v. State,* 541 P.2d 867, 870 (Okl.Cr.1975).

Rebuttal evidence may be admitted to repel, counteract, destroy, or explain facts offered by the adverse party, *Devooght v. State*, 722 P.2d 705, 713 (Okl.Cr.1986), regardless of whether such evidence might have been introduced in the case in chief or whether it is somewhat cumulative. *Hall v. State*, 698 P.2d 33, 37 (Okl.Cr.1985). Because the admission of rebuttal evidence is committed to the discretion of the trial court, its ruling will not be reversed absent manifest abuse. *Naum v. State*, 630 P.2d 785, 788 (Okl.Cr.1981), cert. denied, 454 U.S. 1058, 102 S.Ct. 609, 70 L.Ed.2d 597 (1981); *Hall, supra* 698 P.2d at 37. Since the rebuttal testimony went directly to the appellant's veracity, we find no abuse of discretion by the trial court, and this assignment of error is meritless.

For his fourth assignment of error, the appellant asserts that the trial court erred in failing to instruct on corroboration and on the law of expert witnesses. We note initially that the record is devoid of any objection by the appellant to the instructions given, nor does the record reflect any proposed instructions submitted by the appellant.

▮▮▮▮ In the absence of objection to the instructions given or submission of additional instructions by the appellant, it is not fundamental error for the trial court to fail to issue instructions on corroboration, especially where the prosecuting witness's testimony is certain and inherently believable. *Milligan v. State*, 668 P.2d 336, 338 (Okl.Cr.1983). But when the trial court fails to issue instructions on the proper weight to be given to expert testimony, this is error, for which the appropriate remedy is modification of the sentence, not reversal. *Peterson v. State*, 473 P.2d 293, 296 (Okl.Cr. 1970). In *Peterson,* we modified a conviction for first degree manslaughter from ten (10) years imprisonment to six (6) years imprisonment where the minimum statutory sentence was four (4) years imprisonment. That remedy is not available here, however, because the jury only assessed the minimum statutory punishment of five (5) years imprisonment for each of the three counts of first degree rape. Furthermore, it does not shock the conscience of the Court that these three convictions were imposed to run consecutively rather than concurrently. This assignment of error is, therefore, without merit.

For his final assignment of error, the appellant claims that the prosecutor made prejudicial remarks during closing argument which prevented him from receiving a fair trial. Appellant's failure to object to the allegedly erroneous remarks waives all but fundamental error. *See McLeod v. State*, 725 P.2d 877, 881 (Okl.Cr.1986).

The policy considerations underlying this rule are to draw the alleged error to the attention of the trial court and to provide that court an opportunity to correct any error at time of trial. A defendant cannot expect silence in the face of a trial error to support the reversal of his conviction on appeal. *Myers v. State*, 623 P.2d 1035, 1036 (Okl. Cr.1981); *Langdell v. State*, 657 P.2d 162, 163 (Okl.Cr.1982). "While some of the remarks were unnecessary and not to be condoned, they were not so grossly improper, in light of the evidence presented and the punishment assessed, as to have affected the verdict of the Jury; thus, no modification or reversal is required." *Vigil v. State*, 666 P.2d 1293, 1294 (Okl.Cr.1983). This assignment of error is, therefore, without merit.

Finding no merit to the appellant's assignments of error, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.