Clyde D. CUNNINGHAM, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–85–788.

Court of Criminal Appeals of Oklahoma.

Dec. 23, 1987.

As Corrected March 22, 1988.

Phillip R. Scott, Waurika, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Clyde D. Cunningham, appellant, was tried by jury and convicted of three counts of Negligent Homicide [47 O.S. 1981, § 11–903], in Case No. CRM–85–135, in the District Court of Carter County, the Honorable Thomas S. Walker, District Judge, presiding. The jury requested that the trial judge assess punishment, and punishment was set on each count at sixty (60) days incarceration in the county jail and a $500.00 fine, each sentence to run consecutively. We affirm.

In the early morning hours of March 23, 1984, the appellant crossed the center line of a two-lane blacktop highway in his one-ton welding truck and hit head-on a passenger car containing the Butler family, killing the father, mother and their five-year-old daughter. Ten-year-old Stephanie Butler survived the crash.

The appellant testified he saw on-coming headlights in his lane of traffic, locked his brakes, and swerved left to avoid the accident. The physical evidence from the scene, however, failed to reveal any skid marks, and the evidence showed it was the Butlers, not the appellant, who tried to evade the crash by leaving the roadway for the unimproved shoulder of the road.

Shortly after the accident occurred, several passers-by stopped to assist Stephanie Butler and the appellant. The appellant was unconscious and trapped in his truck. The steering wheel was jammed under his chin and the turn signal lever had pierced his throat. Because the appellant was experiencing difficulty in breathing, the passers-by removed the lever from his throat.

In doing so, they smelled alcohol on the appellant's breath. The State Highway Patrol accident investigator and the ambulance driver also testified they smelled alcohol on the appellant's breath.

The appellant testified he participated in a pool tournament until 2:00 a.m. the morning of the accident, visited with a friend at the club which sponsored the tournament until 3:30 a.m., and was driving home when the accident occurred at approximately 3:40 a.m. He further testified on direct examination that he only drank part of one beer the entire evening. On rebuttal, the State presented testimony by the medical technician employed at the Ardmore Memorial Hospital where the appellant was treated for his injuries. As part of the hospital's normal protocol for all trauma patients, blood is drawn and tested. One of the standard tests is a toxicology screen, which determines whether the patient has taken medication, drugs or alcohol. The police did not request this blood test. The appellant's blood was tested some four hours after the accident and allegedly some ten hours after he last drank part of a beer. The technician who tested the appellant's blood testified she found his blood alcohol level was 0.097.

The appellant raises one assignment of error: that he was deprived of a fair trial because the prosecutor commented on facts not introduced into evidence and showed the jurors an exhibit not introduced into evidence.

■ During closing argument, the prosecutor mentioned that the medical technician who tested the appellant's blood was in the room when the blood was drawn. In fact, the technician was in the room when another trauma patient's blood was drawn but was not present when the appellant's blood was taken. When comments are based upon facts not introduced into evidence, or, as here, are minor misstatements of facts entered into evidence, we review the totality of the evidence to determine whether the remark could have affected the outcome of the trial. *Moore v.* *State,* 714 P.2d 599, 601 (Okl.Cr.1986); *Pannell v. State,* 640 P.2d 568, 572 (Okl.Cr. 1982). We fail to see how this minor misstatement of fact by the prosecutor in closing argument could have changed the outcome of the trial.

■ A more serious error occurred, however, when the prosecutor referred to a police accident report during closing argument, which was not introduced into evidence, and allowed a juror in the jury box to read the report. The prosecutor marked the report as State Exhibit No. 9 when questioning the officer who prepared the report. Before starting closing argument, the prosecutor checked with the court reporter to ensure that all exhibits introduced into evidence had been admitted. The court reporter assured the prosecutor that State Exhibit No. 9 had been admitted. This was erroneous, for the prosecutor failed to formally request that the exhibit be admitted into evidence, and the trial court never admitted it. However, the accident investigator who prepared the report was extensively examined and cross-examined on the contents of the report. Therefore, the information contained in the unadmitted report was already presented to the jury before the report itself was erroneously shown to them.

■ The question is whether the error of wrongfully submitting a report to the jury which was not introduced into evidence requires reversal of the conviction. Here, there is no evidence of bad faith by the prosecutor in presenting inadmissible evidence to the jury. A reversal is not required unless there is a reasonable possibility that prejudice could have resulted from the jury's examination of the evidence. *Johnston v. State,* 673 P.2d 844, 848 (Okl. Cr.1983), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984). When the evidence contained within the unadmitted report is extensively covered during direct and cross-examination, the error in permitting the jury to read the unadmitted report is not prejudicial and no reversal is required. *Edwards v. State,* 637 P.2d 886, 887 (Okl.Cr.1981).

Lastly, the appellant failed to object to either the remarks or the presentation of the report to the jury. The appellant's failure to object waives all but fundamental error, because he failed to bring the error to the attention of the court and provide the court with an opportunity to correct the error. *Beshears v. State*, 738 P.2d 1375, 1378 (Okl.Cr.1987). The appellant cannot expect silence in the face of trial error to support reversal of his conviction on appeal. *Id.* Finding no fundamental error, this assignment of error is without merit.

For the above reasons, the judgments and sentences of the trial court should be, and hereby are, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.