Curtis Nicholas SALYER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–837.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1988.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Curtis Nicholas Salyer, appellant, was tried by jury and convicted of one count of Lewd Molestation with a Child Under Sixteen (21 O.S.1981, § 1123), five counts of Forcible Oral Sodomy (21 O.S.1981, § 888), and two counts of Forcible Anal Sodomy (21 O.S.1981, § 888), After Former Conviction of Two or More Felonies (21 O.S.Supp. 1985, § 51(B)), in Case No. CRF–86–487, in the District Court of Tulsa County, the Honorable Clifford E. Hopper, District Judge, presiding. The jury assessed punishment at imprisonment for One Hundred Twenty Five (125) years for each count. Judgments and sentences were imposed in accordance with the jury's verdict, with the seven sodomy convictions to be served concurrently but consecutive to the lewd molestation conviction. We reverse one count of forcible oral sodomy, and otherwise affirm.

On February 8, 1986, appellant, aged thirty-two (32), took his cousin's step-son, T.M., aged thirteen (13), to his home on the pretext of having the boy assist him in repairing the heating ducts in appellant's mobile home. As appellant and the boy sat on the couch while watching television, ap-

pellant offered to pay the boy $20 if he would permit appellant to perform fellatio on him. The boy refused. Appellant demanded, "what if I make you," and the boy began to cry. Appellant pulled the boy's pants and underwear down to his knees, tried to kiss the boy and began to fondle his penis. Appellant began performing fellatio on the boy, stopped long enough to lock the front door by engaging the dead bolt, and when he returned to the couch, completed the act of fellatio. Appellant then forced the boy to perform fellatio on him.

Appellant and the boy retired to the bedroom, where appellant made the boy undress completely while appellant disrobed. The two then repeated the mutual acts of fellatio. Appellant produced a tube of vaseline, had the boy lubricate his penis and appellant's anus, and forced the boy to anally sodomize him. Appellant then anally sodomized the boy.

During the attacks in the living room and in the bedroom, appellant repeatedly threatened to take the boy to the river, kill him, and dump his body in the water if he told anyone what they had done. After the attacks, appellant went to the bathroom. The boy tried to escape but could not release the dead bolt. Appellant dragged the boy back to the bedroom, started choking him and again threatened to kill him if he told anyone what they had done. When appellant took the boy home, he gave him $5. The boy told his mother what had happened and gave the money to her. She called the sheriff and took the boy to the emergency room where a rape kit was prepared. The test results were inconclusive.

At trial, appellant called members of his family who testified the boy did not have a reputation in the community for truthfulness. On rebuttal, the State introduced character witnesses who testified the boy was truthful. Additionally, these rebuttal witnesses testified as to the dramatic change in the boy's personality and behavior after the attack.

For his first assignment of error, appellant asserts he was subjected to multiple punishments for one continuing offense in violation of the Double Jeopardy Clause of federal and state constitutions. Appellant concedes the State properly charged him with two counts of oral sodomy and two counts of anal sodomy but argues the three remaining convictions for oral sodomy and the conviction for lewd molestation must be reversed on the basis of double jeopardy.

The State argues initially that appellant waived his double jeopardy claim because he raises this issue for the first time on appeal.

At the preliminary hearing, appellant's counsel advised the Court that "we have been furnished with an amended information, and we don't have any objection to this and waive any further time and ask that he be arraigned on the new charges." (Ph. Tr. at 3) After the preliminary hearing, appellant filed a motion to quash the information, citing the grounds that "sufficient evidence was not adduced at the Preliminary ... to establish that a crime had been committed, or that there was reasonable cause to believe Defendant had committed the same." (O.R. at 26) When the trial began, the motion to quash was overruled. Appellant raised no objection on double jeopardy grounds to being tried. (Tr. at 6)

■ The constitutional right against being subjected to double jeopardy is one that can be waived by failure to timely raise the question to the trial court before commencement of the trial. *Hall v. State*, 650 P.2d 893, 896 (Okla.Crim.App.1982). *Johnson v. State*, 611 P.2d 1137, 1145 (Okla. Crim.App.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 955, 67 L.Ed.2d 120 (1981), *reh'g denied*, 450 U.S. 1026, 101 S.Ct. 1734, 68 L.Ed.2d 221 (1981). On the other hand, a claim of double jeopardy is so fundamental that it can be raised by this Court on its own motion, even if it was not adequately preserved for appeal. *Hunnicutt v. State*, 755 P.2d 105, 109 (Okla.Crim.App.1988). *Gentry v. State*, 562 P.2d 1170, 1175 (Okla. Crim.App.1977). Inasmuch as we find fundamental error, we address the issue *sua sponte*.

■ Appellant urges us to resolve the Double Jeopardy issue by using the "same transaction test," while the State champions the "same evidence test." The Double Jeopardy Clause of both federal and state constitutions protects against two distinct abuses: (1) requiring the accused to endure a series of trials where the same offense is charged and (2) the infliction of multiple punishments for the same offense. *Johnson*, 611 P.2d at 1141. Stated another way, the Double Jeopardy Clause enforces two distinct policies of law: that no person should be punished more than once for the same offense, and that no person should be vexed by successive prosecutions for a single crime or criminal transaction. *Weatherly v. State*, 733 P.2d 1331, 1336 (Okla. Crim.App.1987).

Recognizing the two distinct functions of the Double Jeopardy Clause, we generally apply the "same transaction test" when the accused is subjected to multiple trials for the same offense, and apply the "same evidence test" when a series of acts are involved and the accused is charged with several counts in a single information, while reserving the right to elect the test which provides the necessary tool to accomplish the task before us. *Johnson*, 611 P.2d at 1142–44. *Hunnicutt*, 755 P.2d at 110. This Court has not adopted the "same evidence test" or the "same transaction test" exclusively, but will apply the test which most advances the interests of justice in a particular case. *Johnson* at 1142.

■ The State charged appellant by information with eight crimes arising from one criminal episode. We first determine whether the criminal episode involved separate and distinct offenses consisting of different elements or dissimilar proof. *Weatherly*, 733 P.2d at 1336. *Hunnicutt*, 755 P.2d at 110. Offenses are distinct and separate if they are not mere means to some other ultimate objective, are not offenses included in some other offense, or are not merely different incidents or facets of some primary offense. *Weatherly* at 1336–37. *Hunnicutt*, at 110.

We next determine whether this was a continuing offense, i.e., whether it was a transaction or series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long it occupied. *Weatherly* at 1337.

■ If the elements of proof are different for each offense, or if the elements of the several offenses are identical but dissimilar proof is required to prove each offense, and if a significant gap exists between the individual attacks so that the criminal transaction may not be called uninterrupted or intermittent, then individual crimes occurred. *Id.* at 1338. Just because crimes are committed in rapid succession does not negate the fact that separate crimes were committed, so long as a separation does exist. *Id.* The Double Jeopardy Clause is not carte blanche for an accused to commit as many offenses as desired within the same transaction or episode. *Hill v. State*, 511 P.2d 604, 606 (Okla.Crim.App.1973). To hold that a man may repeatedly sodomize a boy yet only be punished for one offense would provide him with an invitation to engage in multiple criminal conduct at the expense of the victim. Such a decision would be unthinkable. *Colbert v. State*, 714 P.2d 209, 212 (Okla. Crim.App.1986), *cert. denied*, 479 U.S. 838, 107 S.Ct. 140, 93 L.Ed.2d 83 (1987).

■ Appellant argues that fondling the boy was mere preparation for the act of fellatio; therefore, the conviction for lewd molestation should be reversed. We disagree. The fact that forcible oral sodomy and lewd molestation arise from the same incident does not constitute double jeopardy. *Webb v. State*, 538 P.2d 1054, 1058 (Okla.Crim.App.1975). The factual and legal elements of the two crimes differ so as to render prosecution for both offenses proper even though they might arise from the same incident. *Id.* This act involved a child under sixteen and constituted the very conduct prohibited by statute. *See* 21 O.S.1981, § 1123.

■ Appellant next argues that the oral sodomies which occurred in the bedroom were continuations of the oral sodomies which began in the living room; therefore, three of his oral sodomy convictions should

be reversed. We cannot agree that the two oral sodomies committed in the bedroom were part of the same continuing, unintermittent, occurrence which began in the living room. A significant lapse of time occurred between the two incidents of mutual fellatio; significant distance was involved in taking the boy from the living room to the bedroom; the two took time to undress before the mutual fellatio occurred in the bedroom; and each element was proven separately for the offenses occurring in the two rooms.

We do agree, however, that one of the oral sodomy convictions for the acts in the living room must be reversed. Appellant was convicted of performing three forcible oral sodomies in the living room, once when he forced the boy to perform fellatio on him, once when he performed felatio on the boy and once when he resumed the act of fellatio after locking the door. We believe the two acts of oral sodomy committed on the boy which occurred prior to and after locking the door were part of the same continuing offense set on foot by a single impulse and were merely different incidents or facets of the same primary offense. No significant passage of time occurred while appellant interrupted the act to lock the door and no significant distance separated the two acts sufficient to call these two incidents uninterrupted or intermittent. We therefore reverse one conviction for oral sodomy.

For his second assignment of error, appellant asserts he was denied a fair trial by the admission of hearsay when the victim's mother and the attending room physician repeated the boy's out of court statements made to them. We observe that appellant failed to object to the introduction of these out of court statements. In the absence of plain error under 12 O.S.1981, § 2104(D), we will not address a hearsay objection raised for the first time on appeal. *Patterson v. State*, 735 P.2d 338, 341 (Okla.Crim.App.1987). Where the testimony is merely cumulative and appellant cross-examines the witnesses as well as the victim, there is no error requiring reversal. *Beshears v. State*, 738 P.2d 1375,

1376–77 (Okla.Crim.App.1987). This assignment of error is without merit.

For his third assignment of error, appellant asserts improper prosecutorial comments made during voir dire and closing argument deprived him of a fair trial. We again observe that appellant failed to object to many of the specific comments he now claims were error and has waived all but fundamental error for those unobjected to remarks. *Beshears*, 738 at 1378. Appellant cannot expect silence in the face of a trial error to support reversal of his conviction on appeal. *Id.* After reviewing the unobjected to remarks complained of, we find no fundamental error. As to the remaining comments objected to, we find none were so prejudicial as to require reversal or even modification of appellant's sentences. *Hope v. State*, 732 P.2d 905, 907 (Okla.Crim.App.1987). This assignment is meritless.

For his fourth assignment of error, appellant asserts the State failed to prove the essential element of penetration necessary to support one conviction for anal sodomy. Appellant relies on *Hicks v. State*, 713 P.2d 18, 20 (Okla.Crim.App. 1986), and argues that the testimony was inconclusive that the boy penetrated appellant's anus. We disagree. The victim testified that "he told me to move it back and forth and *it come out.* He said you put it in there and stay still and I'll do it." (Tr. at 196) (emphasis added) We find that, viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential element of penetration beyond a reasonable doubt. *See Spuehler v. State*, 709 P.2d 202 203–04 (Okla.Crim.App.1985). This assignment is meritless.

For his fifth and sixth assignments of error, appellant asserts his conviction must be reversed because the State failed to corroborate the victim's testimony and appellant expressly requested an instruction on corroboration. The State responds that because the boy was not an accomplice, the State did not need to corroborate his testimony, citing *Yates v. State*, 620

P.2d 413, 415 (Okla.Crim.App.1980). Appellant urges that *Yates* be reconsidered. We find that *Yates* is inapplicable to the facts of this case. A child under fourteen cannot, as a matter of law, consent to sexual acts with an adult and, as a result, cannot be considered to be an accomplice whose testimony must be corroborated. *Martin v. State,* 747 P.2d 316, 318 (Okla. Crim.App.1987).

If the victim is not an accomplice, as in this case, corroboration is required in lewd molestation, sodomy and rape cases only when the victim's testimony is so incredible or has been so thoroughly impeached that a reviewing court must say that the testimony is clearly unworthy of belief. *Martin,* 747 P.2d at 318 (sodomy); *Still v. State,* 484 P.2d 549, 551 (Okla.Crim.App.1971) (lewd molestation); *Beshears v. State,* 738 P.2d 1375, 1377 (Okla.Crim.App.1987) (rape). Here, the child's testimony was lucid, clear and devoid of ambiguity. *Beshears,* 738 P.2d at 1375. His testimony was not inconsistent, incredible or contradictory. *Id.* And his memory and veracity were thoroughly tested on cross-examination. *Id.* We do not find the victim's testimony was incredible or that his testimony was impeached such as to require corroboration. Moreover, the State's evidence of the child's personality and behavior changes after the attack was sufficient to corroborate his testimony. This assignment of error is meritless.

In light of the above, appellant's judgment and sentence for one count of forcible oral sodomy is REVERSED and REMANDED with instructions to dismiss. Appellant's remaining judgments and sentences for one count of lewd molestation, four counts of forcible oral sodomy and two counts of forcible anal sodomy are

AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.