**Ronald Wayne JONES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–73.**

Court of Criminal Appeals of Oklahoma.

Dec. 6, 1988.

Pete Gelvin, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Ronald Wayne Jones, appellant, was tried by jury and convicted of two counts of Indecent or Lewd Acts with a Child Under Sixteen (21 O.S.1981, § 1123), in Case No. CRF–85–886, in the District Court of Oklahoma County, the Honorable John M. Amick, District Judge, presiding. The jury set punishment at imprisonment for thirteen (13) years for Count I and one (1) year for Count II. Judgments and sentences were imposed in accordance with the jury's verdicts, the sentences to run concurrently. We affirm.

During the latter part of 1984, Sue Jones, appellant's wife, began babysitting Mrs. B.'s eight-year-old daughter, A., because Mrs. B. worked two jobs and could not be home with her daughter much of the time. In January of 1985, appellant, his wife and infant son moved in with Mrs. B. and, in exchange for full-time babysitting services, Mrs. B. did not charge them rent. During February, Mrs. Jones also began babysitting ten-year-old E.W., A.'s school friend who lived in the same apartment complex. On February 15, A. and E. jointly wrote a note accusing appellant of sexually molesting them and gave the note to appellant's wife. (State's Exhibit No. 1).

The two girls testified at trial and used dolls to demonstrate to the jury what appellant had done to them. A. testified appellant had put his hand under her shirt and rubbed her chest despite her objection on at least five occasions and, on one occasion, had placed his mouth on her "private parts" as they returned from a trip to the store. E. testified appellant had put his hand under her shirt and rubbed her chest over her objection on at least six occasions. Both girls testified they wrote the note because they were too afraid and embarrassed to tell their mothers what appellant had done to them.

A few days after the girls wrote the note, a pediatrician examined A. and determined her vagina was swollen and red. The pediatrician testified A. told her a man got into her bed, began to fondle her, put his fingers into her and put his mouth on her "private part." A. identified her assailant as "Ronnie" but refused to give his last name. Appellant failed to object to this testimony by the pediatrician. The doctor ran tests which eliminated any organic cause for A.'s physical condition and testified that, in her expert opinion, the vaginal irritation was consistent with sexual abuse.

Appellant did not take the stand but called his wife, who denied ever leaving appellant alone with the girls, denied receiving the note from the children, and testified she and appellant moved out of the apartment on February 15 because appellant had been falsely accused of sexual abuse.

For his first assignment of error, appellant asserts the trial court erred by refusing to grant his motion to sever the two counts. The State filed a single information charging appellant with two counts of indecent or lewd acts with a child under sixteen.

Joinder of separately punishable offenses is permissible if the separate offenses arise out of one criminal act or transaction, or are part of a series of criminal acts or transactions. *Glass v. State*, 701 P.2d 765, 768 (Okla.Crim.App.1985). In the instant case, the lewd acts committed on the two girls did not arise from a single transaction but occurred in a series of transactions.

Joinder of offenses is proper where the counts so joined refer to the same type of offense occurring over a relatively short period of time, in approximately the same location, and proof of each transaction overlaps so as to evidence a common scheme or plan. *Id.* Here, all but one of the molestations committed on the two girls occurred at Mrs. B's apartment. The eleven individual incidents occurred over a six week period, constituted the same type of offense in each case, and evinced a common scheme or plan. We find no abuse of discretion by the trial court in denying the motion to sever.

For his second assignment of error, appellant complains the trial court erred by refusing to give his requested instruction on corroboration derived from *Oklahoma Uniform Jury Instructions—Criminal*, 841 (1981).

We apply the same standards for corroboration in cases of lewd or indecent acts with a child under sixteen as we do in rape cases. *Davis v. State*, 272 P.2d 478, 484 (Okla.Crim.App.1954); *White v. State*, 268 P.2d 310, 311–12 (Okla.Crim.App.1954). A conviction may be sustained upon the uncorroborated testimony of the victim unless such testimony appears incredible or so unsubstantial as to make it unworthy of belief. *Beshears v. State*, 738 P.2d 1375, 1377 (Okla.Crim.App.1987). Here, the childrens' memory and veracity were thoroughly tested on cross-examination, and their testimony was not inconsistent, incredible or contradictory. *Id.* We find the trial court did not abuse its discretion by refusing to issue the requested instruction on corroboration. *See also Roldan v. State*, 762 P.2d 285, 286 (Okla.Crim.App. 1988).

Appellant relies on *Broaddrick v. State*, 706 P.2d 534, 536 (Okla.Crim.App. 1985), which held that "the defendant is entitled, as a matter of law, to have the jury instructed on the law governing his theory of the case if it finds possible support in the evidence," in support of his

proposition that the trial court erred by refusing to issue the instruction on corroboration. We disagree that *Broaddrick* applies to the facts of this case. *Broaddrick* and its progeny require the trial court to instruct on affirmative defenses if there is any possible support in the record for the instruction. Here, appellant requested an instruction on corroboration but raised no affirmative defense; rather, he denied committing the crime and stood on the weaknesses of the State's case. "Failure to raise an affirmative defense and denying commission of the crime waives any requirement that the trial court *sua sponte* instruct the jury on appellant's 'defense'." *Wyatt v. State*, 752 P.2d 1131, 1135 (Okla. Crim.App.1988).

■ Appellant further argues that because of increased publicity and recent campaigns directed toward children to make them aware of sexual abuse, this Court should, as a matter of public policy, require an instruction on corroboration in all cases involving molestation of a minor. Increased public awareness of child abuse does not, however, relieve the State of its burden of proving each essential element of the offense beyond a reasonable doubt. We consider the State's burden to be a sufficient safeguard and decline to impose a *per se* rule of corroboration in lewd molestation cases. This assignment of error is without merit.

■ For his final assignment of error, appellant urges the cumulative effect of error requires reversal of his conviction or, at a minimum, modification of his sentence. If there is no individual error, there can be no error by accumulation. *Mornes v. State*, 755 P.2d 91, 95 (Okla.Crim.App. 1988).

Accordingly, appellant's judgments and sentences should be, and hereby are, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.